THE LONG ISLAND RAILROAD COMPANY, Appellant, *v.* BERNARD F. GARVEY et al., Respondents.

1. CONDEMNATION PROCEEDINGS — TAKING OF PROPERTY BY RAILROAD COMPANY — SCOPE OF COMMISSIONERS' INVESTIGATION.  Although, when the decree of condemnation in a proceeding by a railroad company to acquire the right to continue to affect the premises by acts, which in the absence of such right constituted a nuisance, determines that there was a taking of property, the question as to the fact of taking the property is not before the commissioners appointed by the decree, but simply the question as to the amount to be paid for the property taken, still this requires an investigation as to the condition of the property and the nature of the nuisance maintained by the railroad company, in order to get a basis for pecuniary compensation.

2. RIGHT OF INTERFERENCE WITH ENJOYMENT OF PROPERTY AN EASEMENT — SUBSTANTIAL COMPENSATION.  The right of interference by a railroad company with an adjoining owner's property, by jarring and shaking his dwelling house, and causing smoke, dust, ashes and cinders to enter therein, through the operation of a turntable, is in the nature of an easement; and the effect of a proceeding to acquire such right by condemnation is to take out of the owner's property something of value and transfer it to the company, and justifies an award of substantial compensation, depending upon the condition of the premises, the difference in their value before and after the placing of the turntable, and the effects of its use upon their enjoyment.

*L. I. R. R. Co.* v. *Garvey*, 11 App. Div. 626, affirmed.

(Argued April 28, 1899; decided June 6, 1899.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered December 15, 1896, and from the judgment entered thereon December 23, 1896, affirming a final order made at Special Term in condemnation proceedings.

The facts, so far as material, are stated in the opinion.

*Alfred A. Gardner* for appellant.  The commissioners erred in holding that there was a taking of property.  (*A. B. N. Co.* v. *N. Y. E. R. R. Co.*, 129 N. Y. 271; *Flinn* v. *N. Y. C. & H. R. R. R. Co.*, 142 N. Y. 11; *Sawyer* v. *Davis*, 136 Mass. 239; *Beseman* v. *P. R. R. Co.*, 50 N. J. L. 235;

*Roberts* v. *N. Y. El. R. R. Co.*, 128 N. Y. 475; *Pappen-heim* v. *M. El. Ry. Co.*, 128 N. Y. 444.)

*George S. Billings* for respondents.    There is no pretense that the commission adopted any erroneous theory of compensation disadvantageous to the road, and, in view of all the evidence, it must be at least very doubtful whether any lesser sum than $1,500 would have been just compensation.    (*Matter of B. El. R. R. Co.*, 87 Hun, 88; *M. Ry. Co.* v. *O'Sullivan*, 6 App. Div. 571.)

Vann, J.    After the recovery of the judgment, which was considered by us in *Garvey* v. *Long Island Railroad Company* (159 N. Y. 323), this proceeding was instituted by the defendant in that action against the plaintiff therein to condemn the right to do what it was restrained from doing by that judgment.

The railroad company alleged in its petition that the public use, for which an interest in Mr. Garvey's land was required, was "for the purpose of the operation of the turntable used" in its business, and demanded that it might "be adjudged that the public use requires the condemnation of the property above described and that the plaintiff is entitled to take and hold such property for the public use specified upon making compensation therefor, and that commissioners be appointed to ascertain the compensation to be made to the owner for the property so taken."

No opposition was made by the landowner, and a decree was entered, on motion of the attorney for the company, granting the relief prayed for and appointing three commissioners of appraisal.    The commissioners viewed the premises, heard the proofs of the parties and determined that the landowner was entitled to the sum of $1,500 for the interest in his property taken for the public use.    The company thereupon presented the report to the court, and, on notice to the owner, moved for such an order as should "seem just and proper."    The report was confirmed without opposition from any source, yet the company appealed from the order of confirmation, thus pro-

cured through its agency, and, upon affirmance by the Appellate Division, came here. No appeal was taken from the decree of condemnation, either directly or by including it in the notice of appeal from the order of confirmation, as permitted by section 3375 of the Code of Civil Procedure.

The only point made by the appellant on this appeal is that "the commissioners erred in holding that there was a taking of property." The commissioners did not so hold in their report, and they had no authority to make such a determination, for that was settled by the decree in condemnation, which conferred no power upon the commissioners except as appraisers. (Code Civ. Pro. § 3370 ; *People ex rel. Eckerson* v. *Trustees, etc.*, 137 N. Y. 88, 94; *Williams* v. *Brooklyn El. R. R. Co.*, 126 N. Y. 96.) The statute requires that the necessity of the taking should be set forth in the petition, and that there was a taking of property was adjudged by said decree, made on motion of the company, and never attacked by appeal. (Code Civ. Pro. § 3360.) The order appealed from simply confirmed the appraisal and directed the payment of the compensation awarded. The appeal, therefore, brings up for review the proceedings subsequent to the decree, but none antecedent thereto, yet no question is made as to the regularity or validity of the subsequent proceedings. (Code Civ. Pro. § 3375.) It is not claimed that the commissioners adopted an erroneous theory of compensation, or that they made any erroneous rulings in receiving or rejecting evidence. Even the amount of the award is not criticized, unless the learned counsel, in contending that there was no taking, means that the taking was technical, and hence the damages should be nominal. If there was, in fact, no taking, what was the object of the proceeding instituted by the company ? Why did it procure a decree establishing its right to take an interest in Garvey's land, upon making compensation ? If its action was inadvertent, instead of appealing, why did it not apply for leave to discontinue, as permitted by the Condemnation Law, at any time within thirty days after entry of the final order ? (Code Civ. Pro. § 3374.) We

think the question before the commissioners was not as to the fact of taking the property, but simply as to the amount to be paid for the property taken. This, however, required an investigation as to the condition of the property and the nature of the nuisance maintained by the railroad company in order to get a basis for pecuniary compensation. While the fact of taking was not involved, the extent of the taking was important. There may be a taking without a complete ouster, or a total assumption of possession, for "if the right of indefinite user is an essential element of absolute property or complete ownership, whatever physical interference annuls this right, takes property, although the owner may still have left to him valuable rights" in the subject, but of a more limited and circumscribed nature. (*Eaton* v. *B., C. & M. R. R. Co.*, 51 N. H. 504.) "Depriving an owner of property of one of its essential attributes, is depriving him of his property within the constitutional provision." (*People ex rel. M. S. Inst.* v. *Otis*, 90 N. Y. 48, 52.)

"Those proprietary rights, which are the only valuable attributes or ingredients of a landowner's property, may be taken from him, without an exportation or adverse personal occupation of that portion of the earth which is his. * * * Property is taken when any one of those proprietary rights is taken of which property consists." (*Arimond* v. *Green Bay, etc., Co.*, 31 Wis. 316, 335.) Garvey's "right of not being injured in his real estate by an unreasonable use" by the plaintiff of its land, "was one of the proprietary rights of which his general and comprehensive rights of property was composed." (*Thompson* v. *Androscoggin R. I. Co.*, 54 N. H. 545.)

It was established by the judgment in the injunction suit, which appears in the record, that the operation of the turntable in the company's yard, with its aggravating accompaniments, was a nuisance, which physically interfered with the ordinary and comfortable enjoyment of private property. The company sought to condemn the privilege of continuing to thus interfere in the future, and do under the sanction of law that which it had previously done without right. It pro-

cured a decree establishing this as a right upon making compensation. This right of interference with Mr. Garvey's property, by jarring and shaking his dwelling house, causing smoke to penetrate the rooms occupied by his family, and casting dust, ashes and cinders upon the furniture therein, was in the nature of an easement in his land, as the servient estate, in favor of the land of the railroad company, as the dominant estate. It comes within the definition of an easement, as given by courts and commentators, when they say that it is a permanent privilege that enables the owner of land to do or maintain something on the adjoining land of another, which, although a benefit to the land of the former and a burden upon the land of the latter, is not inconsistent with general ownership. (*Wiseman* v. *Lucksinger*, 84 N. Y. 31; *Huntington* v. *Asher*, 96 N. Y. 604; *Nellis* v. *Munson*, 108 N. Y. 453; Goddard on Easements, 2; 2 Washburn on Real Property [4th ed.], 299; Gale on Easements, 5; 10 Am. & Eng. Ency. of Law [2nd ed.], 398.) "Any right, interest or easement" in real property may be condemned upon due proof of the necessity of its acquisition for public use. (Code Civ· Pro. §§ 3358, 3360.) A corporation, to which the state has delegated the right of eminent domain, "is not bound to take the entire estate, but may take, and strictly should take only such an interest and right as is necessary to be acquired to accomplish the public purpose in view." (*Sixth Ave. R. R. Co.* v. *Kerr*, 72 N. Y. 330.) "An easement merely, or a partial interest, or the right to a temporary or permanent use of the property, as well as the entire estate and interest may thus be acquired as the public service may demand." (Id.) But whether the privilege is an easement, or merely a right in the nature of an easement, the effect of the proceedings in condemnation is to carve out of defendant's property something of value and transfer it to the plaintiff. While the part taken is not easy of description, it can be conveyed as an interest in land, and will enable the plaintiff to carry on its business by using its own property exclusively, instead of using to some extent the property of another.

The defendant's house is of brick, with a brown-stone front, twenty by forty-five feet in dimensions, and has three stories and a basement. He paid $9,000 for it in 1891, which was before the turntable and its surroundings were placed where they now are, and evidence was given tending to show that it was then worth $10,000, but is now worth from $1,000 to $3,000 less. The effect of the turntable and the smoke, gas and dust was proved more fully even than in the injunction suit; and, among other things, it appeared that the family had to leave the house as soon as it was necessary to have the windows open in warm weather, and to remain away until they could live with the windows closed in cold weather.

We think that the evidence justified the award made, and that the order appealed from should be affirmed, with costs.

All concur, except PARKER, Ch. J., and HAIGHT, J., not voting.

Order and judgment affirmed.