C. C. GOSSETT v. SOUTHERN RAILWAY COMPANY *et al.;*
C. C. GOSSETT *et ux. v.* SOUTHERN RAILWAY COMPANY
*et al.;*

and

CALVIN GOSSETT, by Next Friend, etc., v. SOUTHERN
RAILWAY COMPANY *et al.*

(*Knoxville.* September Term, 1905.)

1. **EMINENT DOMAIN.** Railroad and its construction con-
tractors are liable for injuries to adjacent landowner, though
done without negligence.

Railroad corporations, though quasi-public corporations, author-
ized by statute to condemn, take, and use land for railroad
purposes and works of public improvement, are not exempt
from liability for damages and injuries to private rights or
property, even if done without negligence, and, therefore, a
railroad and its construction contractors are liable in damages
for injuries done to an adjacent landowner by their blasting,
and by their construction of the railroad in front of and near
his property, though the blasting is necessary, and is done with-
out negligence. (*Post, pp.* 378-385.)

Cases cited and approved: Telephone Co. v. Railroad, 93 Tenn.,
492; Terminal Co. v. Jacobs, 109 Tenn., 727, 741; Swain v. Cop-
per Co., 111 Tenn., 437; Madison v. Copper Co., 113 Tenn., 331;
Terminal Co. v. Lellyett, 114 Tenn., 368; Cogswell v. Railroad,
103 N. Y., 10; Garvey v. Railroad, 159 N. Y., 334; Railroad v.
Church, 108 U. S., 317.

2. **SAME.** Same. Railroad and its construction contractors are
liable for physical injuries and impairment of health resulting
from blasting, but not for mere discomfort.

A railroad corporation and its construction contractors are liable
in damages for injuries done to an adjacent landowner by nec-

115 Tenn.—25

Gossett v. Railroad.

essary and skillful blasting, done without negligence, in the construction of the road, where such blasting creates loud noises and unusual and unpleasant concussions in the air, resulting in physicial injuries or the impairment of health, but are not liable in damages for mere loss of sleep, discomfort, and inconvenience, not resulting in physical injuries or impairment of health. (*Post, pp.* 385-390.)

Cases cited and approved: Railroad v. Bingham, 87 Tenn., 522; Copper Co. v. Barnes (Tenn. Ch. App. and Sup.), 60 S. W., 593, 600, 607; Knoxville v. Klasing, 111 Tenn., 134; Kolb v. Knoxville, 111 Tenn., 311; Swain v. Copper Co., 111 Tenn., 432; Madison v. Copper Co., 113 Tenn., 331; Terminal Co. v. Lellyet, 114 Tenn., 368; Fitzsimmons v. Braun, 199 Ill., 390; Longtin v. Persell (Mont.), 76 Pac., 699, 65 L. R. A., 655; Colton v. Onderdonk, 69 Cal., 155; Tiffin v. McCormack, 34 Ohio St., 638; Scott v. Bay, 3 Md., 431.

3. **SAME.** Same. Same. Whether railroad blasting operations created a nuisance and drove plaintiff from his home, and lessened the usable and rental value thereof, should be submitted to the jury.

Where an adjacent landowner sues a railroad corporation and its construction contractors for blasting and other operations caried on by the defendants, which, it is averred and proved, constituted a nuisance that drove the plaintiff and his family from his home, and so interfered with his comfort as to lessen the desirability and usable value of his home during the time the said blasting work was being prosecuted, the plaintiff is entitled to recover, and the question should have been submitted to the jury on this theory. '(*Post, pp.* 390, 391.)

4. **ACCORD AND SATISFACTION.** Must be specially pleaded to be available as a defense.

The defense of accord and satisfaction of plaintiff's claim for damages must be specially pleaded, and cannot be made under the general issue or plea of not guilty. (*Post, p* 391.)

5. **RAILROADS.** Joint liability of railroad and its construction contractors for injuries resulting from blasting; no primary and secondary liability.

In an action by an adjacent landowner against a railroad corporation and its construction contractors for injuries sustained by blasting operations incident to the construction of the railroad, the liability of the defendants, if any, is joint, and there is no primary or secondary liability. (*Post, p.* 391.)

FROM KNOX.

Appeal from the Circuit Court of Knox County.—JOSEPH W. SNEED, Judge.

PICKLE, TURNER & KENERLY and E. F. MYNATT, for Gossett.

JOUROLMON, WELCKER & HUDSON, for Railroad and S. P. Condon.

TEMPLETON, LINDSAY & TEMPLETON, for W. J. Oliver.

MR. JUSTICE WILKES delivered the opinion of the Court.

These three causes were consolidated and heard together in the court below against the Southern Railway Company, W. J. Oliver, and S. P. Condon for damages resulting from blasting near the premises and home of the plaintiffs.

Some wordy controversy is had as to whether it is an action for a nuisance or an action on the case, with which we need not concern ourselves. The action is plainly one on the facts of the case; and the facts set out in the declaration, so far as necessary to be stated, are that plaintiff C. C. Gossett owned and occupied as a residence a certain house and lot near Knoxville. His wife and minor child, about two years old, resided with him and constituted his family. The defendant railroad located, graded, and constructed its line immediately adjoining the home and premises of the plaintiff, and within a few feet of their lot and residence house. Large quantities of dynamite and high explosives were used day and night for a long time in blasting and loosening earth and rock in the construction of the road by the railroad, and by Oliver and Condon, as contractors, causing great noises and explosions, shocks and concussions, of the earth and the air, near and at the home of the plaintiff, and greatly alarming and frightening the plaintiffs Carrie and Calvin Gossett, so as to deprive them of the necessary sleep, rest, and repose, and, it is claimed, impairing the health of the said Carrie, and alarming and terrorizing said Calvin, until they both became sick and disordered in body and mind, nervous, and otherwise injured, driving them away from home, at great trouble and expense, for several months.

To the declaration in each case, the defendants plead not guilty.

It appears that the railroad was constructing its line

in front of the plaintiff's premises, and had a force of from eighty to one hundred men employed at it, working day and night, for twenty hours per day. They blasted rock during the day and during the night, using both deep blasts and surface or adobe blasts. This was done in a cut about fifteen feet from plaintiffs' property, and thirty feet from their house.

The house was struck by flying stones, and the weatherboarding was shattered. The concussions were so great that the windows in the house were smashed, and crockery, china, fruit jars, clocks, pictures, and other personalty were broken, shattered, and otherwise injured. Carpets, mattings, and curtains were likewise injured by the dust. The work was continued from August, 1903, to June, 1904, and as a consequence of the nervous strain and fright the wife and child were rendered very nervous, and deprived of rest and sleep during the night; and about January, 1904, they were compelled to leave their home and seek refuge and temporary rest in another locality. Gossett was put to extra expense in maintaining his family away from home, and at the same time looking after his property at home.

It appears that defendants repaired plaintiffs' house, so far as physical damage was done to it by the explosions; and for these and the injury to personal property no recovery is sought, but only for the injury, physical and mental, done to the plaintiff and his wife and child, and rendering the house uncomfortable and less valuable as a residence. At the conclusion of the evidence the de-

fendants moved the court for peremptory instructions that there could be no recovery by the wife and child, on the ground that no physical injury had been shown to them, and therefore no recovery could be had in their behalf.

The court sustained this motion, and directed a verdict in favor of the defendants in these two cases, to which action the plaintiffs excepted. He then charged the jury in the third case of C. C. Gossett against the defendants, and under that charge the jury rendered a verdict in favor of the defendants, and the plaintiffs have all appealed to this court.

It is assigned as error that the court improperly instructed the jury to render a verdict in favor of the defendants against the wife and child, and, also, that he erred in his charge to the jury in regard to the liability of the defendants to C. C. Gossett, and that he refused to give in charge to the jury certain requests made by the plaintiffs. It is also assigned as error that there is no evidence to support the verdict.

Without attempting to dispose of the assignments of error as they are made, we proceed at once to consider the several interesting and difficult questions which are presented by the record and the assignments of error, premising that we think that they have all been virtually settled by former adjudications of this court, most of which are quite recent.

In the first place the fact that the defendant is quasi public corporation, authorized by the legislature to con-

demn, take, and use land for railroad purposes and works of public improvement, cannot, under the authority conferred upon it by the legislature, exempt it from liability, even if the work can be done without negligence.

We think the true doctrine is aptly expressed in the case of *Cogswell* v. *R. R.,* 103 N. Y., 10, 8 N. E., 537, 57 Am. Rep., 701:

"The powers granted to such railroad corporations are to be construed as privileges conferred, but upon the understanding that they shall be exercised in strict conformity to private rights, and under the same responsibility as though the act were done by an individual in the exercise of such powers." See, also, case of *Garvey* v. *L. I. R. R. Co.,* 159 N. Y., 334, 54 N. E., 57, 70 Am. St. Rep., 550.

The court proceeded upon the idea, and charged the jury upon the theory, that the railroad company and its contractors in constructing the railroad were engaged in what might be termed "governmental functions," delegated, first, to the railroad company by the State, and by the railroad company to its agents employed to do the work, and that if no damage and injury were done to the plaintiffs than what was necessary to be occasioned in the prosecution of such work, then the defendants would not be liable. In other words, if the work was authorized and legitimate, then the defendants could only be made liable for the negligent prosecution of it. This is contrary to the holdings of this court, and, as we think, to the great weight of authority, though there are

cases, a few of which have been cited to us by counsel, holding that, if the work is legitimate, then the only damage than can accrue to the company prosecuting the work must arise out of its negligent execution. In the case of *Madison* v. *Ducktown Copper Co.,* 113 Tenn., 331, 83 S. W., 658, it was held that the defendants were conducting a lawful business in a lawful way, and by the most scientific and approved methods, and had made every effort known to science and experience to avoid injury to the plaintiff, but injury had resulted as a necessary consequence of the work itself; and the court further held that there was no other place to which the hurtful operations could be transferred. Still the court said that a judgment for damages in this class of cases is a matter of absolute right, where injury is shown.

This was a case where injury was inflicted by noxious fumes and smoke spreading from the furnace property over adjoining property, so as to create a nuisance and injure the adjoining property.

In the case of *Cumberland Telephone Company* v. *United Electric Railway,* 93 Tenn., 492, 29 S. W., 104, 27 L. R. A., 236, it was held, in substance, that a person, even in the prosecution of a lawful trade or business upon his own land, cannot gather there by artificial means a natural current, like electricity, and discharge it upon his neighbor with such force and to such an extent as to break up his business or impair the value of his property, without being responsible for the resulting injury.

The *Fifth Baptist Church Case* is a leading case upon
this question; and it was there held, among other per-
tinent matters, that grants of privileges or powers to
corporate bodies, like railroads, conferred no license to
use them in disregard of the private right of others, and
with immunity for their invasion. It was there said:

"The great principle of the common law, which is
equally the teaching of the Christian morality so to use
one's property as not to injure others, forbids any other
application or use of the right and power conferred."

In the same case it is said:

"The acts that a legislature may authorize, which
without such authorization would constitute nuisances,
are those which affect public highways or public
streams, or matters in which the public have an interest
and over which the public have control. The legislative
authorization exempts only from liability to suits, civil
or criminal, at the instance of the State. It does not
affect any claim of a private citizen for damages for any
special inconvenience or discomfort not experienced by
the public at large."

See case of *Railroad Co. v. Fifth Bap. Church,* 108 U.
S., 317, 2 Sup. Ct., 719, 27 L. Ed., 739.

In the case of *Terminal Company v. Jacobs,* 109 Tenn.,
741, 72 S. W., 957, 61 L. R. A., 188, it is said:

"To claim exemption from liability resting upon a
charter right, the answer may properly be made that the
State has not authorized the wrong complained of; and
in locating its roundhouse, so that the injury necessar-

Gossett v. Railroad.

ily resulted to the adjacent landowner, it did so at its peril."

And, again, it is said:

"Grants of powers to corporate bodies like these can give no license to use them in disregard of the rights of others, and with immunity for their invasion."

To the same effect, see the case of *Swain* v. *Tenn. Copper Co.,* 111 Tenn., 437, 78 S. W., 93. All of these cases have been cited, analyzed and commented upon in the case of *Louisville & Nashville Terminal Co.* v. *Lellyett,* 114 Tenn., 368, 85 S. W., 886 et seq., and many other cases, are there referred to. The gist of these decisions, so far as applicable to the facts of the present case and the questions here involved, is that a railroad company, in constructing its road, although it may be guilty of no negligence and exercise proper care and caution, will still be liable to adjacent property-owners, if the work done, although necessary to be done, and in fact skillfully constructed, shall result in injury to such property. Most of the cases cited by counsel holding a contrary doctrine are cases in which the work was being done under goverment directions and control; and, so far as they do not rest upon this feature of government regulation and control, they are not in accord with the holdings of this court, nor, as we think, with the weight of authority, nor are they in accord with sound reason and legal justice.

It remains to be considered whether the injuries com-

plained of in these cases were injuries of which liability arises.

In *Fitzsimmons & Connell Company* v. *Braun & Fitts,* 59 L. R. A., 421, 199 Ill., 390, 65 N. E., 249, it was held that one who uses high explosives in excavating so near the property of another that the natural and probable result of an explosion will be injury to such property is liable for injuries caused even by the vibration of earth or air, however high a degree of care he may have exercised in their use. To the same effect in *Longtin* v. *Persell* (Mont.), 76 Pac., 699, 65 L. R. A., 655; *Colton* v. *Onderdonk,* 69 Cal., 155, 10 Pac., 395, 58 Am. Rep., 556; *Tiffin* v. *McCormack,* 34 Ohio St., 638, 32 Am. Rep., 408; *Scott* v. *Bay,* 3 Md., 431.

Mr. Thompson, in his work on Negligence (section 772), uses this language:

"The subordinate courts of the State of New York, following the analogy of early decisions in that State, have held that a railroad company is liable to an adjoining property-owner for injuries which are the direct and necessary result of blasting rock by such company for the purpose of leveling its right of way, although such blasting is done without negligence, and although no rock or dirt is thrown upon the adjoining premises. But the court of appeals of that State have more recently held otherwise. In one of these decisions the action was against a contractor executing public work under the United States, and the decision proceeded partly upon the ground that he was acting in virtue of the sovereign-

Gossett v. Railroad.

ty of the United States, and could not more be called to answer in damage than the government could.   But the other case holds that a railroad company, in grading its right of way, can shake a dwelling house to pieces by the concussions produced by the frequent firing of blasts, without being liable to pay any damages therefor, provided it is made to appear that the blasting is necessary and that it is done without negligence.   This decision, though concurred in by whole court, is directly opposed to principles laid down by the same court in early cases. It manifests such gross insensibility to justice that, although concurred in by the whole court, it scarcely deserves respectful mention."

Mr. Thompson, in his notes, cites the various cases referred to, most, if not all, of which are relied on by counsel in this case.

His own opinion of the law proceeds upon the view that the carrying on of an employment so dangerous near the land of another, thereby keeping him in continual danger and alarm, is a nuisance *per se;* so that, if any damage happens to him thereby, he may recover, irrespective of the question of diligence or negligence in carrying on the dangerous work.   And he says:

"If it is a nuisance *per se,* and the existence of negligence is necessary to support an action for the damage, it is for the same reason negligence *per se.*"

Most of the cases to which we have been referred and which we have been able to find, involving damages by blasting, proceed upon the idea of a trespass upon the

adjoining property, where dirt or rock or other material is actually thrown upon it, as where the buildings and improvements are damaged and shaken; and the right of recovery in such cases seems to be clear, as it is also where water is illegally thrown upon a man's land, but the present case goes further than this. All these physical damages to the property caused by the blasting, it is shown, have been settled for and satisfactorily adjusted. The present action is for rendering the home uncomfortable, insecure, and unpleasant, and for virtually compelling the occupants to vacate the premises during the time when the work was being prosecuted; and it is said that the noise and discomfort from the repeated concussions and loud noises was so great as to affect the comfort and health of the family. It is not shown that any of them were made sick; but they were inconvenienced, frightened and made restless, so that the home was no longer a place of refuge and quiet, and it became untenantable as a home for several months, and it is for this class of damages that the suit is brought; and the argument is made that there is liability for noise which creates discomfort and nervous disturbance, just as there is for gas and smoke, solids and liquids, which affect the comfort and health of the tenant. Our courts have recognized the right to damages in cases of nuisances arising from foul odors, smoke, and gas; and there is no good reason why the same doctrine would not apply to loud noises and unusual and unpleasant concussions in the air. In support of this

Gossett v. Railroad.

doctrine we are referred to *Knoxville* v. *Klasing,* 111 Tenn., 134, 76 S. W., 814; *Kolb* v. *Knoxville,* 111 Tenn., 311, 76 S. W., 823; *Swain* v. *Copper Company,* 111 Tenn., 432, 78 S. W., 93; *Ducktown Copper Co.* v. *Barnes* (Tenn. Sup.), 60 S. W., 600; *Madison* v. *Copper Co.,* 113 Tenn., 336, 83 S. W., 658.

Bearing upon this feature of the case, it is said that in *L. & N. Terminal Co.* v. *Lellyett,* 114 Tenn., 368, 85 S. W., 889:

"It is not every inconvenience or discomfort that will entitle a property-holder to damages, even though it be material or considerable, and especially as against a public or quasi public enterprise. The noise of paved streets and street cars is a material discomfort to abutting owners. The smoke from factories, hotels, and manufacturing establishments may form a material annoyance and discomfort to persons living near by; but these are discomforts and annoyances which the individual must bear in deference to the convenience and comfort of the public. The noise of trains passing through the country districts, and the dust of vehicles passing along public highways, may be great annoyances to persons living along the line of such highways, and the rumbling of carriages of belated revelers and early market wagons along the paved highways may disturb the slumbers and harass the nerves of persons who desire to sleep in the cities; but is not for such annoyances and discomforts that the law allows redress, but only where the discomfort and inconvenience proceeds to such an extent as to injure the usable and rental or permanent value of

the property that the law will award damages. It must amount, to some extent, to the taking of the value of the property, either temporary or permanent, and depriving the owner thereof. See *Railroad* v. *Bingham*, 87 Tenn., 522, 11 S. W., 705, 4 L. R. A., 622."

In such case it is a nuisance and actionable. And this is the rule that prevails in all cases, whether it be an individual, a private corporation, or a quasi public corporation. In all such cases the maxim *sic utere tuo* applies, and no matter how lawful or necessary the improvement may be, nor skillfully it may be constructed, nor carefully it may be operated, if it results in injury to the adjoining property-owner, the party causing it is liable in damages, either recurring or permanent, dependent upon whether the nuisance is abated or not.

Under the rules which we have laid down in the cases we have cited and commented upon, we are of opinion that there could be no damages, or rather no liability, to the wife and child in this case.

There is no evidence that they were physically injured, nor that their healths were impaired. The most that is proven is that they were disquieted and kept in a state of alarm and apprehension, but this is not shown to have resulted in any sickness or physical injuries.

We think, therefore, that the trial judge was not in error in instructing the jury that these parties had no right of action.

The question which should have been submitted to the jury, in our opinion, is whether the injuries complained

of in this case amounted to a nuisance, and whether the usable or rental value of the homestead was destroyed or lessened temporarily to such an extent that the law will award damages therefor.

It is not claimed that there were any permanent damages to the freehold. We think the case should have been submitted to the jury upon this theory, and, in not doing so, the trial judge committed error. If the plaintiff was driven from his home by the blasting and other operations carried on by the defendants, or his comfort was so interfered with as to lessen the desirability and usable value of his home during the time the work was being prosecuted, for these things the plaintiff should be entitled to recover.

The trial judge instructed the jury that they might find an accord and satisfaction of the plaintiff's claim for damages, if the facts should so justify.

We think this was error, as there was no plea of accord and satisfaction, and that defense could not be set up under the general issue or plea of not guilty.

We think that, if there is any liability for damages under the facts of this case, it is a joint liability upon the part of the railroad and the contractors, and in such case we do not understand that there is such a thing as primary and secondary liability.

For the reasons which we have indicated, the judgment of the court below in the case of *C. C. Gossett* v. *Southern Railway Company et al.* is reversed, and the cause is remanded for a new trial, and the defendants

will pay the costs of the appeal; and the judgments in the cases of *C. C. Gossett and Wife,* and *Calvin Gossett, by Next Friend,* v. *Southern Railway Company,* are affirmed, and these causes are dismissed, at the cost of the plaintiffs herein.