TOM B. POE, et ux., BILLIE JANIS POE, EDWARD R. HOLT et ux., Mary M. Holt, Donald M. Meredith et ux., Bonnie Meredith v. ATLAS POWDER COMPANY and/or Atlas Chemical Industries, Inc. and Bellamy Explosives Company, Inc.—444 S.W.2d 170.

Eastern Section. December 10, 1968.

Certiorari Denied by Supreme Court May 5, 1969.

Edward F. Hurd, Fred L. Myers, Jr., and Roy T. Campbell, Jr., Newport, for plaintiffs in error.

Sanders & Wilson, Kingsport, for Bellamy Explosives Co., Inc.

Frantz, McConnell & Seymour, Knoxville, and Porter & Porter, Newport, for Atlas Chemical Industries, Inc.

COOPER, J. These three suits, which were consolidated for trial, were brought to recover damages to dwellings allegedly caused by blasting operations conducted in a rock quarry owned and operated by Cocke County, Tennessee. The plaintiffs, Tom Poe et ux., Edward R. Holt et ux., and Donald L. Meredith et ux., were the owners of the dwellings allegedly damaged. The defendants were the Atlas Chemical Industries, Inc., who manufactured the explosives and furnished an employee to assist in the blasting operations, and the Bellamy Explosives Company, Inc., the distributor for Atlas who sold Cocke County the explosives used in the blasting operations.

The pleadings in the three cases were substantially the same. The plaintiffs plead ownership of the houses and the fact that the houses were damaged by blasts set off in the rock quarry. The plaintiffs did not insist that either defendant was guilty of negligence, but predicated their suits on the doctrine of strict liability. The defend-

ants filed general issue pleas of not guilty in each of the three suits.

The cases were tried to a jury on two occasions, neither jury being able to agree on a verdict. In the first trial, after entry of an order of mistrial, the defendants filed motions seeking to have the trial judge direct verdicts in their behalf on the ground there was no evidence to support a verdict in favor of the plaintiffs. The motions were overruled, and the defendants perfected a wayside bill of exceptions.

In the second trial, after entry of the mistrial order, the trial judge sustained defendants' motions and directed verdicts in their behalf. The plaintiffs then perfected their appeal, insisting there was material evidence which would support a jury's verdict in their behalf. The plaintiffs conceded during argument before this court that there was no material evidence to support a verdict against the defendant Bellamy Explosives Company, Inc., who did no more than sell explosives to Cocke County. In view of this concession, the trial judge's action in directing verdicts for Bellamy Explosives Company, Inc. will be affirmed.

We then have two appeals in this court—one by Atlas Chemical Industries, Inc. predicated on the wayside bill of exceptions, the other by the plaintiffs below predicated on the bill of exceptions prepared after the second trial. As pointed out by counsel for Atlas Chemical, this court must first consider whether the trial judge committed error in refusing to direct a verdict in the first trial before considering the assignments of error directed to the trial judge's order directing a verdict on the second trial of the case. See Osborne v. Frazor, 58 Tenn.App.

15, 425 S.W.2d 768. If this court determines that a verdict should have been directed on the first trial, then, of course, no consideration will be given to the second trial.

On reading the briefs filed by Atlas Chemical, we find that it concedes, though reluctantly, that there is material evidence that plaintiffs' dwellings were damaged by the concussion from a powder charge detonated in the Cocke County quarry on February 5, 1964. Atlas contends, however, that the undisputed evidence shows it had no responsibility for the blast; that its employee, who assisted in the blasting operation, had been loaned to Cocke County, and, were it otherwise, Atlas would be entitled to bask in the glow of Cocke County's immunity from tort liability as there was no showing, or even contention, that Atlas Chemical was guilty of negligence in detonating the explosive charge.

There is not much conflict in the evidence. The Highway Department of Cocke County operated a quarry near Tannery Road on the outskirts of Newport, Tennessee. The quarry activities in 1964 were supervised by C. B. Proffitt, Superintendent of Roads for Cocke County.

Blasting materials for use in the quarry were purchased by Cocke County through competitive bids. For the time material to these suits, Bellamy Explosives, Inc. —the distributor for Atlas Chemical — was furnishing blasting powder to Cocke County.

Atlas Chemical and the Cocke County Highway Department entered into a service agreement on September 24, 1958, under which Atlas Chemical ''in consideration of the acceptance by the consumer (Cocke County Highway Department) of the obligations set forth herein, hereby agrees to permit said consumer, at certain times,

the temporary use, free of charge, of the services of Atlas Powder Company employees, and the undersigned consumer hereby expressly agrees that said employees, while engaged in rendering any such assistance, are and shall be, on each occasion and for all intents and purposes, the temporary employees of the consumer and subject to the consumer's exclusive supervision and control. The consumer shall be fully responsible for all of the results and consequences, expressly excepting, however, liability, if any, for workmen's compensation payments due as a result of injuries or death of said temporary employees.

"This Service Agreement shall continue in force until either party notifies the other, in writing, of its desire to terminate the same."

In February, 1964, acting under the service agreement, Mr. Proffitt requested William Kouts, a salesman-technician employed by Atlas Chemical, to assist in loading and detonating an explosive charge in the quarry. Kouts did so, with the result that a large amount of powder was detonated in the quarry on February 4, 1964. According to plaintiffs, it was this explosion which caused the damage to their dwellings.

The undisputed evidence shows that Cocke County was at all times in control of the quarry and the blasting operations. Mr. Kouts was at the quarry as a skilled technician to advise and assist Cocke County in loading and detonating the explosives used in the quarry. There is no evidence in the record, in fact there is no pleading, that Mr. Kouts gave improper advice to Cocke County or was negligent in the loading and detonating of the explosives. The plaintiffs instead chose to proceed on the doctrine

of "strict liability", or liability without negligence, voiced by the courts of this state in imposing liability on one who uses explosives in the performance of a task and causes damage to the property of his neighbor. Gossett v. Southern Railway Co., 115 Tenn. 376, 89 S.W. 737, 1 L.R.A.,N.S., 97; City of Knoxville v. Peebles, 19 Tenn.App. 340, 87 S.W.2d 1022; Anno. 20 A.L.R.2d, 1372 et seq.; 92 A.L.R. 741. We know of no authority or rule of law which would justify our extending the doctrine of "strict liability" so as to include the expert who does not have control of the blasting operations but comes onto the blast site to advise and assist the one actually conducting the blasting operations so as to minimize the risk of harm and maximize the result of the blasts. In our opinion, such an expert would be liable for damages resulting from the blasting operations only if it were shown the expert was guilty of negligence which proximately caused or proximately contributed to cause the damage sustained by nearby property owners.

There being no showing that Atlas Chemical, or its employee Kouts, had control of the blasting operations or was guilty of negligence in advising Cocke County and in assisting Cocke County in loading and detonating the quarry blasts, the trial judge should have directed verdicts in favor of the defendant Atlas Chemical at the close of evidence in the first trial of these cases. It follows that the judgments entered in the trial court overruling the defendant's motions for directed verdicts must be reversed, and judgments be entered in this court dismissing the three suits. The judgments entered in the trial court dismissing suits against Bellamy Explosives Company, Inc. are affirmed. Costs incident to the appeals are adjudged against the plaintiffs below, Tom B. Poe, et ux.,

Edward R. Holt, et ux., Donald B. Meredith, et ux., and their sureties.

McAmis, P. J., and Parrott, J., concur.