■ IROQUOIS GAS CORPORATION, Respondent, v DANIEL R. GERNATT et al., Doing Business as DAN GERNATT FARMS, Appellants.—Order unanimously affirmed, without costs. Memorandum: Appellants are owners of a natural gas well, known as the Gernatt well which has been condemned by respondent for underground gas storage rights pursuant to article 3-A of the Conservation Law. On August 1, 1966 a summary judgment was granted by Supreme Court which determined that appellants' well was subject to condemnation because it was located within respondent's Quaker pool and which appointed commissioners of condemnation to determine appellants' damages (see *Iroquois Gas Corp. v Gernatt,* 50 Misc 2d 1028, affd 28 AD2d 811, affd 22 NY2d 694). The parties exchanged appraisal reports and the commissioners began to hear evidence but after two meetings, the last in 1971, suspended hearings. In May, 1974 appellants moved to amend their appraisals, contending that the Gernatt well was not a part of the Quaker pool but had additional value as an independent producing well and that the original judgment to the contrary was procured by the fraud and deception of respondent's employees. By order of September 23, 1974 Special Term permitted appellants to submit a supplemental appraisal of the subject property but did not rule on the admissibility of that evidence. Respondent's motion to strike the supplemental appraisal insofar as it was based upon the assumption that the Gernatt well was not part of the Quaker pool was subsequently granted and the condemnees appeal that order. The order was properly granted. The interlocutory judgment of August 1, 1966 established the location of the well (Conservation Law, § 86, subd 1). That determination, affirmed on appeal, became the law of the case and may not be relitigated on the appeal from this order or before the commissioners of condemnation (Condemnation Law, § 14; *Long Is. R. R. Co. v Garvey,* 159 NY 334, 336; *Matter of New York Municipal Ry. Corp. v Weker,* 179 App Div 245, 249, mod on other grounds 226 NY 70; 17 Carmody-Wait 2d, NY Practice, § 108:169; 6 Nichols, Eminent Domain [3d ed], § 26.5). (Appeal from order of Erie Special Term in condemnation proceeding.) Present—Marsh, P. J., Cardamone, Simons, Goldman and Del Vecchio, JJ.