The CLARK CONSTRUCTION GROUP, INC., Plaintiff,

v.

EAGLE AMALGAMATED SERVICES, et al., Defendants,

Engineered Demolition, Inc., Cross–Plaintiff

v.

ICI Explosives USA, Inc., Cross–Defendant.

Engineered Demolition, Inc., Third–Party Plaintiff,

v.

Orica USA, Inc. Third–Party Defendant.

No. 01–2478 DB.

United States District Court, W.D. Tennessee, Western Division.

March 16, 2005.

Lucian T. Pera, Esq., Armstrong Allen, PLLC, Memphis, TN, Timothy F. Brown, Arent Fox Kintner Plotkin & Kahn, Michael Evan Jaffe, Esq., David T. Dekker, Thelen Reid & Priest LLP, Washington, DC, for Plaintiffs.

M. Clark Spoden, Frost Brown Todd LLC, Nashville, TN, W. Bruce Baird, Esq., Steven M. Crawford, Esq., Robert Y. Gwin, Esq., Ann E. Georgehead, Esq., Frost Brown Todd LLC, Louisville, KY, Dianne Vescovo, U.S. Magistrate Judge, Monika Lorice Johnson, Elbert Jefferson, Jr., Esq., City Attorney's Office, Memphis, TN, Charles J. Gearhiser, Esq., Sam D. Elliott, Esq., Gearhiser Peters Lockaby & Tallant PLLC, Chattanooga, TN, for Defendants.

William L. Bomar, Esq., Glankler Brown, PLLC, Warren D. McWhirter,

Esq., Glassman Jeter Edwards & Wade, P.C., George T. Lewis, III, Esq., Baker Donelson Bearman & Caldwell, J. Gregory Grisham, Esq., James H. Stock, Jr., Esq., Kenneth O. Cooper, Weintraub Stock & Grisham, Carmalita Carletos, City Attorneys Office, Memphis, TN, Randall P. Mueller, Esq., Carey Omalley Whitaker & Manson PA, Tampa, FL, Albert C. Harvey, Esq., Timothy R. Johnson, Barry L. Howard, Esq., Ruth Howard Tate & Sowell, Nashville, TN, for Other Party Names.

## ORDER GRANTING THIRD–PARTY DEFENDANT ORICA'S MOTION FOR PARTIAL SUMMARY JUDGMENT

DONALD, District Judge.

This matter is before the Court on the motion of Third–Party Defendant Orica USA, Inc. ("Orica") for partial summary judgment. For the reasons stated herein, Orica's motion is **GRANTED.**

## I. FACTUAL BACKGROUND[1]

The following facts are presumed to be true for purposes of the instant motion only. Clark Construction Company ("Clark") entered into a written contract with the City of Memphis and the Memphis Cook Convention Commission (collectively "the owners") for the renovation, expansion, and construction of the Memphis Cook Convention Center in Memphis, Tennessee (the "project"). The project included demolition of the Concourse Hall, a structure attached to the existing convention center.

On or about February 16, 1999, Clark and Eagle Amalgamated Service, Incorpo-

rated ("Eagle"), entered into a written subcontract ("subcontract"). Under the terms of the subcontract, Eagle agreed to undertake demolition of the Concourse Hall, as well as other selective demolition and asbestos abatement work at the project site.

Eagle retained Engineered Demolition, Inc. ("Engineered Demolition") to assist with demolition of the Concourse Hall. With its agents and subcontractors, Eagle performed all of the preparatory work associated with the implosion of the Concourse Hall.

On October 10, 1999, Eagle and Engineered Demolition performed the scheduled implosion of the Concourse Hall. This action damaged the adjacent Convention Center. On October 11, 1999, the owners informed Clark that they would hold Clark responsible for all costs associated with repairing the damage resulting from the October 10th implosion. Clark filed an action against the owners, claiming that design problems caused delays and increased costs. The owners filed a counterclaim against Clark, alleging that the accident delayed the project by at least 170 days, increasing the costs of the project, as well as over $1 million in property damages and extensive clean up costs. Those claims are being litigated in a separate case in this district. *(Clark Construction v. City of Memphis, et al.,* Case no. 01–2780 (W.D.Tenn)).

Clark filed a complaint alleging claims against Eagle, various insurers, Engineered Demolition, and ICI Explosives USA, Inc. ("ICI"), who manufactured the explosives. On May 30, 2002, Engineered Demolition filed a third-party complaint against Orica, alleging that (1) Orica is

---

1. The factual allegations are taken from Clark's Second Amended Complaint, Engineered Demolition's Third–Party Complaint, and Orica's Memorandum in Support of Motion for Summary Judgment (which incorporates by reference the Memorandum in Support of ICI's Motion for Partial Summary Judgment).

strictly liable for the damage because it received, stored, sold, and marketed the explosives used in the project, (2) the explosives distributed by Orica were unreasonably dangerous at the time that they left Orica's facility, and (3) Orica breached its duty of care in the storage, distribution, marketing, and selling of the explosives.

On January 27, 2003, Orica filed a motion for partial summary judgment as to Engineered Demolition's claim of strict liability against Orica, contending that it cannot be held strictly liable. As Engineered Demolition did not respond to Orica's motion, the Court will decide the motion based on the existing record.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). In other words, summary judgment is appropriately granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The party moving for summary judgment may satisfy its initial burden of proving the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the nonmoving party's case. *Id.* at 325, 106 S.Ct. 2548. This may be accomplished by submitting affirmative evidence negating an essential element of the nonmoving party's claim, or by attacking the opponent's evidence to show why it does not support a judgment for the non-

moving party. 10a Charles A. Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* § 2727, at 35 (2d ed.1998).

Facts must be presented to the court for evaluation. *Kalamazoo River Study Group v. Rockwell Int'l Corp.*, 171 F.3d 1065, 1068 (6th Cir.1999). The court may consider any material that would be admissible or usable at trial. 10a Charles A. Wright et al., *Federal Practice and Procedure* § 2721, at 40 (2d ed.1998). Although hearsay evidence may not be considered on a motion for summary judgment, *Jacklyn v. Schering–Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 927 (6th Cir. 1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548; *Thaddeus–X v. Blatter*, 175 F.3d 378, 400 (6th Cir.1999).

In evaluating a motion for summary judgment, all the evidence and facts must be viewed in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 460 (6th Cir.2001). Justifiable inferences based on facts are also to be drawn in favor of the non-movant. *Kalamazoo River*, 171 F.3d at 1068.

Once a properly supported motion for summary judgment has been made, the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To avoid summary judgment, the nonmoving

party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348.

## III. ANALYSIS

Orica alleges that it was not engaged in an ultra-hazardous activity, as required for a finding of strict liability, because it was not involved in the blasting operation that resulted in the damage. As it had no control over the blast site or the demolition operation, Orica contends, it cannot be held absolutely liable.

Restatement Second of Torts, Section 519(1) states that "[o]ne who carries on an abnormally dangerous activity is subject to liability for harm to the person, land or chattels of another resulting from the activity, although he has exercised the utmost care to prevent the harm." Restatement Second of Torts, Section 520 goes on to delineate the factors that should be considered in determining whether or not an activity is hazardous:

(a) existence of a high degree of risk of some harm to the person, land or chattels of others;

(b) likelihood that the harm that results from it will be great;

(c) inability to eliminate the risk by the exercise of reasonable care;

(d) extent to which the activity is not a matter of common usage;

(e) inappropriateness of the activity to the place where it is carried on; and

(f) extent to which its value to the community is outweighed by its dangerous attributes.

Orica is engaged in the storage and distribution of explosives. There is certainly a high degree of risk of harm associated with such an activity. There is a strong likelihood that the harm that results from it would be great. It is impossi-

ble to eliminate the risk by exercising reasonable care. The activity is not a matter of common usage. Thus, if the damage had been the direct result of Orica's storage and distribution of the explosives, the analysis of the factors would weigh strongly against Orica. However, the damage did not occur during Orica's storage or distribution of the explosives. Restatement Second of Torts, Section 519(2) states that "[t]his strict liability is limited to the kind of harm, the possibility of which makes the activity abnormally dangerous." Considerable damage could be done if the explosives were to detonate during the storage or distribution of the explosives. In the instant case, however, the damage was done after Orica had delivered the explosives and no longer had control over them. Therefore, Orica cannot be held strictly liable for the damage done by the explosives at the project site.

In *Poe v. Atlas Powder Co.*, 60 Tenn. App. 69, 444 S.W.2d 170 (1968), a rock quarry conducted blasting operations using explosives it purchased from Bellamy Explosives Company, Inc., the distributor for Atlas Powder Company, the manufacturer of the explosives. *Id.* at 171. During the blasting, three homes were damaged. *Id.* The homeowners brought an action against both Bellamy and Atlas. *Id.* The court held that because Atlas had no control of the blasting operation, Atlas could not be held strictly liable for the damage. *Id.* at 172. Moreover, the plaintiffs conceded that there was no evidence to support a claim against Bellamy, who was the distributor of the explosives manufactured by Atlas. *Id.* at 171.

Similarly, here, there is no evidence to support a claim of strict liability against Orica. It had no control over the blasting operation and, in fact, had no involvement at all. Therefore, the Court grants Orica's motion for partial summary judgment as to

Engineered Demolition's claim of strict liability.

## IV. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Orica's motion for partial summary judgment.