The opinion of the Court was delivered by
O'Neall, J.
The right of the jury in actions for assault and battery to find vindictive damages, has never before been questioned within my knowledge. In Chanellor vs. Vaughan, the jury, we are told by the Reporter, 2 Bay, 416, found heavy damages, in the case of a very unprovoked assault. The judges then said, “ It was their (the jury’s) province to weigh well and consider all the circumstances of the case, and to assess such damages, as they thought would be commensurate with the nature of the injury, and such as would effectually check such an evil.” This direction has been, in all subsequent cases, followed, and it may be here remarked, that although the party defendant, in assault and battery, may be liable both civilly and criminally, yet the damages found on the civil side of the Court, if they are regarded as a sufficient punishment, uniformly make the punishment criminally nominal.
But the objection mainly relied upon was, that the judge should not have said to the jury, that “the ability of the defendant to pay was one of the circumstances which formed a just measure of damages.” I think there was nothing erro, neous in this. For certainly damages might be oppressive, excessive and ruinous to a poor man, which would be a mere trifle out of the treasury of a rich one. Can the law be so absurd as to call that redress, which would be laughed to scorn by a defendant of wealth ?
I do not intend to follow the learned counsel through the mazes of the labyrinth of legal learning, in which they involved themselves. All this may be well enough for lawyers, but Judges are to decide, not talk. Hence a few reasons derived from a few cases will answer my purpose. ■ The general rule is very well stated in a recent work. 3 Graham & Waterman on *427 New Trials, 1120. “In actions of assault and battery or of slander, there is no rule by which the damages' may be measured, but the same must be left to the discretion of the jury” To exercise that discretion properly must they not know, not only the rank and condition in life of the parties, but also as a part of it, the ability of the defendant to pay. In Bump vs. Betts, 23 Wend. 85, the court in deciding on the question of excessive damages, turn to the facts that the defendant had the command of great wealth, and that the plaintiff was a poor man, as two of the circumstances justifying the heavy verdict. In Connell vs. Hampton, 12 Johns. R. 235, proof was received that Gen. Hampton the defendant was in the receipt of an annual income of $60,000. Such evidence was received to justify a heavy verdict, and to show the ability of the defendant to pay.
In my long experience as a lawyer and a judge, I never knew an exception taken, in actions for assault and battery, slander, malicious prosecutions, and malicious torts generally, to evidence, of- the defendant’s wealth; and if such proof could now be excluded, or the judge restrained from commenting on it, as a measure of damages, it would be in fact to reverse a course of justice coeval with the administration of it by the Courts of this State.
The motion is dismissed.
Wardlaw, Withers, Whitner, Glover and Munro, JJ., concurred.

Motion dismissed.