### 15555

DANIEL, ADMR., v. TOWER TRUCKING COMPANY, INC., AND AMERICAN CASUALTY COMPANY, ETC.

(2 Cases)

(26 S. E. (2d), 406)

120

March, 1943.

*Messrs. Wolfe & Fort* and *Mr. R. A. Dobson,* all of Gaffney, S. C., Counsel for Appellant,

*Messrs. Hall & Saint-Amand,* of Gaffney, S. C., Counsel for Respondents,

July 2, 1943.

MR. ASSOCIATE JUSTICE STUKES delivered the unanimous opinion of the Court:

The actions in these two cases arose out of a collision between an automobile occupied by Thomas Dixon Daniel and his wife, Mrs. Mitchell Goforth Daniel, and a truck owned and operated by the Tower Trucking Company, Inc. As a result of the accident, which occurred at the intersection of two streets in the City of Gaffney, both occupants of the automobile were instantly killed.

Separate suits were instituted under Lord Campbell's Act (Sections 411 and 412, 1942 Code) by W. J. Daniel, the administrator of the estates of Mr. and Mrs. Daniel, for the recovery of actual damages, based upon the alleged negligence of the defendant, trucking company. Joint demurrers to the complaints, filed by the trucking company and its co-defendant and insurance carrier, American Fidelity and Casualty Company, were sustained by the Circuit Court, upon the ground of misjoinder of causes of action and of parties, with leave to amend.

As the two cases are essentially identical, and the issues raised by the appeal are common to both, the parties agreed to a consolidation for the hearing in this Court. Although we shall discuss the first case only, our judgment will be determinative of both cases.

The offending truck was operated as a common carrier for hire, and it is alleged that the Tower Trucking Company, Inc., in compliance with the requirements of Section 8511 of the Code, filed with the Public Service Commission a liability insurance policy executed by the Casualty Company as surety, which insured the public against damages in the

sum of $5,000.00 as to any one person arising from personal injury or death by reason of any act of negligence on the part of the trucking company, its agents or servants, in the operation of its trucks on the highways of the State.

The plaintiff prayed for judgment, "in aggregate against the defendants, Tower Trucking Company, Inc., and the American Fidelity and Casualty Company, the insurance carrier, for actual damages in the sum of Twenty-five Thousand ($25,000.00) Dollars." But it was expressly alleged, in effect, in the complaint, as set forth above, that the extent of liability of the Casualty Company is $5,000.00 for the death of any one person. Thus no judgment may be rendered in this case against that defendant in excess of the stated amount.

The lower Court, sustaining the demurrer, held that it was improper to join as a party defendant in an action for personal injury or death based on negligence, the surety to the alleged tort-feasor, where the damages claimed against the tort-feasor and its surety are different in amount, here the former greatly exceeding the latter.

The right of joinder of insurer and insured under policies of compulsory liability insurance in actions by third persons based upon negligence of the insured, is settled in this State. *Piper v. American Fidelity & Casualty Co.*, 157 S. C., 106, 154 S. E., 106; *Benn v. Camel City Coach Co.*, 162 S. C., 44, 160 S. E., 135; *Thompson v. Bass,* 167 S. C., 345, 166 S. E., 346; *Bryant v. Blue Bird Cab Co. et al.,* 202 S. C., 456, 25 S. E. (2d), 489. This general right of joinder is sustained by the weight of authority elsewhere. See Annotation, 96 A. L. R., 356.

In the *Piper case,* apparently the first upon the subject, the insured and the insurer were joined as defendants. The plaintiff sued for the recovery of actual and punitive damages in the aggregate amount of $25,000.00 based upon the negligence and willfulness of the bus company. On the contract side of his case, he alleged a cause of action upon a

policy of insurance to the extent of the amount of the policy, to wit: $5,000.00. Careful consideration of the leading opinion discloses that demurrer was sustained mainly upon the ground of the joinder of the insurer in the suit against the carrier for punitive damages, as well as actual, in other words, on the "jumbled" cause of action stated, for damages for negligence and also for willfulness. Indeed, the other ground referred to, that the damages alleged exceeded the amount of the insurance, was not included in the grounds of demurrer stated in the opinion or considered by the Circuit Court, whose order was quoted in the opinion.

Similarly, the latter question, urged by respondents and relied upon by the Court below, was not an issue in *Benn v. Camel City Coach Co.,* 162 S. C., 44, 160 S. E., 135, in which the decision in the *Piper case* was referred to at length; for the damages claimed by Benn were in the exact amount of the insurance.

Thus the particular point at issue in the case at bar is not governed by the decisions to which we have referred. After them the General Assembly passed the Act of 1935, now the last paragraph of Section 487 of the Code of 1942, as follows: "In all cases where it is now or hereafter provided by law that an indemnity bond or insurance must be given by a principal for the performance of contract or as insurance against personal injury founded upon tort, the principal and his surety, whether on bond or insurance, may be joined in the same action and their liability shall be joint and concurrent."

For comment upon it, reference may be had to *Bryant v. Blue Bird Cab Co., et al., supra,* and authorities cited.

There is no limitation in the Act of 1935 that its terms are applicable only when suit against a carrier and its surety is for an amount of damages not exceeding the amount of the insurance, which is the construction sought by respondents in the case at bar. But leaving the statute out of consideration, there were before its enactment

the settled law that the carrier and its insurer could be joined and the general applicable principle that where causes of action against several defendants may be joined under the terms of Code Section 487, the extent of the respective liabilities of the several defendants need not be the same. 1 Am. Jur. 467; *Pollock v. Carolina Interstate B. & L, Ass'n,* 48 S. C., 65, 25 S. E., 977, 59 Am. St. Rep., 695; note, 3 Ann. Cas., 285-287.

The following excerpt from the opinion in *Doyle v. St. Paul Union Depot Co.,* 134 Minn., 461, 159 N. W., 1081, is copied from footnote 28 to 1 C. J. S., Actions, § 98, p. 1286: "That the measure and amount of recovery against different defendants may be different, and in supposable cases they might be, is not important. If the defendants are liable in different amounts their different liabilities can be found and declared."

The result of the circuit decision, sustaining the demurrer upon the stated ground, runs afoul of the well-known intention of the Code to simplify actions and procedure, because it would necessitate appellant bringing separate suits upon causes which, as we have seen, may be properly joined against the defendants. See the circuit judgment, quoted in the *Piper case, supra,* and 1 C. J. S., Actions, § 92, p. 1248.

It will be easy and simple for the trial Judge of the case to instruct the jury, if the evidence substaniates the allegations of the complaint, that the casualty company's liability is limited by the terms of its policy, whereas the carrier's liability is limited only by the amount of damages alleged and the proof thereupon.

The judgment is reversed, the demurrer overruled and the defendants allowed twenty days after the filing of the remittitur herein to plead to the complaint.

Reversed.

MESSRS. ASSOCIATE JUSTICES BAKER and FISHBURNE, and CIRCUIT JUDGE J. HENRY JOHNSON, ACTING ASSOCIATE JUSTICE, concur.