## 21076

Mamie Lee DAVENPORT, as Administratrix of the Estate of Mary Ann Pitts, Respondent, v. George SUMMER, National Grange Insurance Company and the County of Newberry, v. Appeal of NATIONAL GRANGE INSURANCE COMPANY.

(259 S. E. (2d) 815)

*James D. Jefferies,* Greenwood, *for appellant.*

*J. Carlisle Oxner, Jr.,* Columbia, and *Eugene C. Griffith,* Newberry, *for respondent.*

November 6, 1979.

LITTLEJOHN, Justice:

This action was commenced by the plaintiff against the defendants, George Summer and the County of Newberry, seeking damages allegedly due by reason of the wrongful death of the plaintiff's intestate growing out of an automobile collision.

The plaintiff moved to make the automobile liability insurance carrier of Summer, National Grange Insurance Company, a party-defendant. The lower court granted the motion, holding that the South Carolina Automobile Reparation Reform Act of 1974, § 56-11-10 *et seq., Code of Laws of South Carolina* (1976), permits the joinder of a motor vehicle operator's liability insurance carrier by reason of § 15-15-20. National Grange has appealed.

The statutes prior to 1974, and the cases interpreting them, definitely dictate that such a joinder is improper. *Dobson v. American Indem. Co.,* 227 S. C. 307, 87 S. E. (2d) 869 (1955). We are called upon for the first time to determine whether the 1974 statute changes the well-established law.

Section 15-15-20, in effect many years prior to 1974, reads:

"Joinder of principal and surety or insurer.

When an indemnity bond or insurance is required by law to be given by a principal for the performance of a contract or as insurance against personal injury founded upon tort the principal and his surety, whether on bond or insurance, may

be joined in the same action and their liability shall be joint and concurrent."

This statute has generally been held applicable when the defendant was a Common Carrier. The lower court reasoned that the legislature was aware of this section and intended to permit the joinder of the insurance carrier in all motor vehicle collision cases. The lower court erred.

There is nothing in the Act which evidences an intent on the part of the legislature to change the well-established law that in the ordinary motor vehicle collision case the insurance carrier of the defendant may not be joined. It is a rule of the common law. We have held, "It is elementary that statutes in derogation of common law rights are strictly construed and not extended in application thereof beyond the clear legislative intent." *Crower v. Carroll,* 251 S. C. 192, 161 S. E. (2d) 235 (1968).

A reading of the Act, together with its title, convinces us that the legislature had other purposes in mind. The Act itself says:

"The purpose of this act is to require medical, surgical, funeral and disability insurance benefits to be provided without regard to fault under motor vehicle policies that provide bodily injury and property damage liability insurance, or other security, for motor vehicles registered in this state, . . ."

The title to the Act has many subheads, but the initial description of the Act is:

"An Act To Establish Basic Required Medical, Hospital, Disability And Economic Loss Insurance Coverage And Provide Benefits for Injuries Received As A Result Of Automobile Accidents; . . ."

It is a "no-fault" statute.

The security mandated as a prerequisite to registraton of motor vehicles is not the same security required of common

carriers by § 58-23-910. Sections 56-11-190 and 56-11-200 read as follows:

"§ 56-11-190.   Registration of vehicles; maintenance of security.

Every owner of a motor vehicle required to be registered in this State shall maintain the security required by § 56-11-200 with respect to each such motor vehicle owned by him throughout the period the registration is in effect. No certificate of registration shall be issued or transferred to an owner by the Chief Highway Commissioner unless the owner or prospective owner produces satisfactory evidence that such security is in effect."

"§ 56-11-200. Form of security; amount required.

The security required under this chapter shall be a policy or policies written by insurers authorized to write such policies in South Carolina providing for at least (1) the minimum coverages specified in Article 7 of Chapter 9 and (2) the benefits required under §§ 56-11-110, 56-11-120 and 56-11-150; *provided, however,* that the Chief Highway Commissioner may approve and accept another form of security in lieu of such a liability insurance policy if he finds that such other form of security is adequate to provide and does in fact provide the benefits required by this chapter."

It will be observed that a policy of insurance is not an absolute requirement but that other forms ". . . of security in lieu of such a liability insurance policy . . ." are permitted.

The motion to join National Grange should have been denied, and the lower court is

Reversed.

NESS, RHODES and GREGORY, JJ., concur.

LEWIS, C. J., dissents.

LEWIS, Chief Justice (dissenting):

The sole issue in this case is whether an automobile insurer can be joined as a defendant in an action against an

insured when automobile liability insurance has been statutorily mandated. The majority hold that such a joinder may not be accomplished. I disagree.

The well established common law of this State was most recently articulated in *Dobson v. American Indemnity Company,* 227 S .C. 307, 87 S. E. (2d) 869 (1955).

(1) The long-established rule of our decisions is that the fact that a defendant is protected from liability in an action for damages by insurance shall not be made known to the jury. The reason of the rule is to avoid prejudice in the verdict, which might result from the jury's knowledge that the defendant will not have to pay it. *Horsford v. Carolina Glass Co.,* 92 S. C. 236, 75 S. E. 533. *Cox v. Employers' Liability Assur. Corp.,* 191 S. C. 233, 196 S. E. 549. *Haynes v. Graham,* 192 S. C. 382, 6 S. E. (2d) 903.

(2) Exception to the rule obtains when the insurance is required by statute or ordinance. Sec. 10-702, Code of 1952. It was said in *Daniel v. Tower Trucking Co.,* 203 S. C. 119, 26 S. E. (2d) 406, 407; "The right of joinder of insurer and insured under policies of compulsory liability insurance in actions by third persons based upon negligence of the insured, is settled in this State."

While it is true that the aforementioned rule has generally been applied to common carriers, the majority has cited no precedent rejecting a joinder of an automobile insurer as here proposed. Our precedent only involves common carriers due to the previous statutory requirements of mandatory insurance which was unique to common carriers. I note no implication in those cases that there is some special significance to the involvement of a common carrier. Application of our long tradition requires inquiry of whether liability insurance is required by statute or ordinance, and not an inquiry of whether a common carrier is involved, as suggested by the majority.

Since the South Carolina Automobile Reparation Reform Act of 1974, Section 56-11-10, *et seq.,* Code of Laws of South Carolina requires the procurement of insurance or security as a condition precedent to acquisition of a vehicle registration, compulsory liability insurance has clearly been statutorily mandated in this State. As a result, the exception to the general rule applies because of the mandatory nature of liability insurance.

In addition, careful analysis indicates that no reason exists for application of the general rule that the existence of liability insurance shall not be made known to the jury. Attemps by the judiciary to keep such knowledge from the jury would be futile. "This is a public act and every citizen is presumed to have public knowledge of it. In a case of this nature, it would be practicably impossible to keep knowledge of it from the jury." *Benn v. Campbell City Coach Co. et al.,* 162 S. C. 44, 160 S. E. 135 (1931).

Finally, the majority implies a further distinction between insurance required for common carriers and private motor vehicles because other forms ". . . of security in lieu of such a liability insurance policy . . . are permitted for automobiles." This Court previously held in *Bryant v. Blue Bird Cab Co. et al.,* 202 S. C. 456, 25 S. E. (2d) 489 (1943), that such a distinction is without merit due to the public knowledge of the statute. *Also, see Benn, supra.* I would adhere to this precedent.

Accordingly, the decision of the lower court to allow joinder should be affirmed.