21137

Carlien HATFIELD, a mentally incompetent person, by her Guardian *Ad Litem,* Norma B. Hatfield, Appellant, v. ATLAS ENTER-PRISES, INC., Longhorn Manufacturing Company, and the Tri-State Manufacturing Company, Respondents.

(262 S. E. (2d) 900)

*Terrell L. Glenn* of *McNair, Glenn, Konduros, Corley, Singletary, Porter & Dibble,* Columbia, and *Daniel A. Speights,* Hampton, *for appellant.*

*Ellis M. Johnston, II,* Greenville, *for respondent Atlas Enterprises, Inc., et al.*

*Pledger M. Bishop, Jr.,* Charleston, *for respondent The Tri-State Mfg. Co.*

January 30, 1980.

Moss, Acting Associate Justice:

Appellant Carlien Hatfield, by her guardian *ad litem,* Norma B. Hatfield, commenced this products liability action against respondents, Atlas Enterprises, Inc., Longhorn Manufacturing Company and Tri-State Manufacturing Company, for personal injuries resulting from a fireworks fire. The trial court sustained respondents' demurrer to appellant's strict liability cause of action. We affirm.

On December 17, 1970, appellant was injured at her father's fireworks store when a spark allegedly ignited fireworks manufactured and distributed by respondents. She brought suit against respondents on the theories of negligence, strict liability and breach of warranty. Respondents' demurrer to the second cause of action was sustained on the basis South Carolina did not recognize the doctrine of strict liability in tort at the time appellant's cause of action arose.

Appellant asserts the trial court erred in concluding the doctrine of strict liability in tort was not included in the common law of this State at the time of her injury. We disagree.

In *Lane v. Trenholm Building Company,* 267 S. C. 497, 229 S. E. (2d) 728 (1976), we noted the General Assembly had "recognized the clear drift of the common law in this State when it codified Restatement of Torts (2) Section 402A, which imposes strict liability in tort upon the suppliers of defective products, S. C. Code § 66-371, *et seq.*" 267 S. C. at 504, n. 3, 229 S. E. (2d) at 731 n. 3. This passage clearly indicates the doctrine of strict liability in tort, imposed as a result of a product's defective condition, did not emerge until Code § 15-73-10—§ 15-73-30 (1976) were enacted. Act No. 1184 (1974) S. C. Acts and Joint Resolutions 2782. See 27 S. C. L. R. 803 (1976). We hold strict liability in tort was not recognized the common law of this State at the time of appellant's alleged injury.

Appellant next asserts it was error to conclude that Code § 15-73-10—§ 15-73-30, *supra* should not be applied retrospectively. The reasoning expressed in *Hyder v. Jones,* 271 S. C. 85, 87-89, 245 S. E. (2d) 123 (1978) is dispositive of this issue and supports the trial court's decision that these provisions operate prospectively only. Accord, *General Motors Corporation v. Tate,* 257 Ark. 347, 516 S. W. (2d) 602 (Ark. 1974); cf. *Wansor v. Hantscho, Inc.,* 252 S. E. (2d) 623 (Ga. 1979); *Contra, Cooley v. Salopian Industries, Ltd.,* 383 F. Supp. 1114 (D. S. C. 1974).

Appellant finally contends the trial court erred in holding respondents were not strictly liable due to the nature of the activity involved. We disagree.

While those engaged in abnormally dangerous activities have been held strictly liable for damages, *Wallace v. A. H. Guion & Co.,* 237 S. C. 349, 117 S. E. (2d) 359 (1960); Restatement of Torts 2d § 519 (1977), this doctrine has not been extended to the manufacturers or distributors of ultrahazardous products outside of the context of 402A, *supra. Poe v. Atlas Powder Co.,* 60 Tenn. App. 69, 444 S. W. (2d) 170 (1968). We decline to so extend it here.

We affirm the trial court and remand for further proceedings.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.