STURM, RUGER & CO., INC., a Connecticut corporation, Appellant,

v.

Michael James DAY, Appellee.

Michael James DAY, Cross-Appellant,

v.

STURM, RUGER & CO., INC., a Connecticut corporation, Cross-Appellee.

No. 3092.

Supreme Court of Alaska.

April 24, 1981.

---

Robert L. Richmond, Richmond, Willoughby & Willard, Anchorage, Kenneth P. Jacobus, Hughes, Thorsness, Gantz, Powell & Brundin, Anchorage, and Edward L. Lascher, Ventura, Cal. (in association), for appellant/cross-appellee.

H. Bixler Whiting, Whiting & Rosie, Fairbanks, for appellee/cross-appellant.

Before RABINOWITZ, C. J., CONNOR, and BURKE, JJ., and DIMOND, Senior Justice.

## OPINION ON REHEARING

CONNOR, Justice.

Appellee has petitioned for further rehearing as to one question not addressed in our opinion on rehearing, *Sturm, Ruger & Co., Inc. v. Day*, 615 P.2d 621 (Alaska 1980), rehearing of 594 P.2d 38, and we have granted rehearing.

In awarding attorney's fees at the close of this case, the superior court did not award any fee as to the punitive damage portion of the judgment, because the court believed that it was inappropriate to award an attorney's fee as to punitive damages. In our opinion this was error.

In *Haskins v. Shelden*, 558 P.2d 487 (Alaska 1976), we stated, in connection with the question of attorney's fees as to a punitive damage award:

"Civil Rule 82(a) provides a schedule of attorney's fees which are to be allowed to the prevailing party as costs of litigation.

Rule 82(a)(1) directs that the schedule will be adhered to 'in fixing such fees for the party recovering *any* money judgment,' 'unless the court, in its discretion, otherwise directs....'" (emphasis in original).

558 P.2d at 495.

The trial court has broad discretion in determining the appropriate attorney's fee. But it cannot arbitrarily deny attorney's fees on a punitive damage award.[1] If it departs from the schedule in Civil Rule 82, it must give reasons for its nonadherence to the schedule.

Therefore, as in *Haskins v. Shelden*, we direct that on remand the superior court should be guided by Civil Rule 82 in determining an attorney's fee as to both compensatory and punitive damages.

REMANDED.

MATTHEWS, J., not participating.

---

1. *See Cooper v. Carlson*, 511 P.2d 1305, 1310 (Alaska 1973).

   The importance of awarding attorney's fees as to punitive damages is apparent when one considers torts such as defamation. Sometimes the actual damages are merely nominal, but the punitive damages are substantial, and serve to vindicate the plaintiff's reputation, as well as to deter defamatory behavior. In such a case it would be unreasonable to base an attorney's fee award solely on the amount of nominal damages.