426 So.2d 1108 (1983)
PIPER AIRCRAFT CORPORATION, Appellant,
v.
Bernice COULTER (Brickles), Etc., Herbert L. Vaughn, Jr., Mildred Hensler, Etc., et al., Appellees.
PIPER AIRCRAFT CORPORATION, Appellant,
v.
Bernice COULTER (Brickles), Etc., Mildred Hensler, As Personal Representative of the Estate of Raymond Hensler, Sr., Deceased, et al., Appellees.
PIPER AIRCRAFT CORPORATION, Appellant,
v.
Bernice COULTER (Brickles), Etc., Herbert L. Vaughn, Jr., and Mildred Hensler, Etc., Appellees.
Nos. 81-1027, 81-1066 and 81-1604.
District Court of Appeal of Florida, Fourth District.
February 2, 1983.
Rehearing Denied March 3, 1983.
*1109 James C. Blecke of Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, for appellant.
Joel D. Eaton of Podhurst, Orseck, Parka, Josefsberg, Eaton, Meadow & Olin, P.A., Miami, for appellees Bernice Coulter Brickles and Mildred Hensler.
Edward R. Curtis of Fertig & Curtis, P.A., Fort Lauderdale, for appellees Herbert L. Vaughn, Jr., and Ann Egbert, Personal Representative of the Estate of Ernest H. Cormier, Deceased.
G. Ware Cornell, Jr., and John R. Hargrove of McCune, Hiaasen, Crum, Ferris & Gardner, P.A., Fort Lauderdale, for appellee Ann Egbert, Personal Representative, etc.
ANSTEAD, Judge.
This is an appeal from a judgment in a products liability action based upon a jury verdict which found Piper liable for compensatory and punitive damages. Piper contends that the award of punitive damages should be stricken because such award was inconsistent with a finding by the jury for Piper on an alternative claim that Piper had been negligent in its design of the aircraft, the crash of which resulted in the deaths of several persons.
The appellees sued Piper on claims of strict liability and negligence arising from deaths occurring in the crash of an airplane manufactured by Piper. They claimed that the aircraft had a faulty door latch as a consequence of which the door suddenly opened during flight causing the pilot to lose control. At the end of trial, the jury's decision was rendered through special interrogatories. On these interrogatories, the jury found for Piper on the negligence claim but found the airplane defective when sold, and also found Piper liable for punitive damages. Piper now claims that it cannot be held for punitive damages if the jury refused to find them negligent.
Piper argues that punitive damages are based on fault concepts and that a mere finding of strict liability cannot establish the breach of duty necessary to support a punitive damages award.[1] In the cases that have addressed the issue, the courts have uniformly held that a finding of strict liability is sufficient to support a punitive damage award if the jury finds sufficiently egregious conduct as well. Maxey v. Freightliner Corp., 450 F. Supp. 955 (N.D. Texas 1978) (Texas state law); Drake v. Wham-O Manufacturing Co., 373 F. Supp. 608 (E.D.Wis. 1974) (Wisconsin state law); Wangen v. Ford Motor Co., 97 Wis.2d 260, 294 N.W.2d 437 (1980); Sturm, Ruger & Co., Inc. v. Day, 594 P.2d 38 (Alaska 1979). Cf. Courtney & Cavico, Punitive Damages: When Are They Justifiable?, Trial, August, 1982, at 52.
Florida law is substantially in accord with this position. In American Motors Corp. v. Ellis, 403 So.2d 459 (Fla. 5th DCA 1981), the court approved Wangen, supra, in which the Wisconsin Supreme Court had allowed punitive damages based on a finding of strict liability for a defectively designed fuel tank that would explode upon a relatively minor impact, and on a jury finding *1110 that Ford had sufficient actual knowledge of the danger involved and yet failed to act. Id., at 467. Thus, a finding of strict liability, if coupled with a finding that Piper's conduct was sufficiently egregious, would be enough to support the punitive damages claim.
In our view, the record does provide support for a finding of such egregious behavior. The record reveals that Piper's test pilot knew of accidental door openings on this model of aircraft between 1954 and 1959 and advised his superiors of the danger and the need to modify the aircraft. The test pilot reported that upon the door opening "... the first impression you have, you think the aircraft exploded. It's a very loud noise. And the airplane will take a sudden roll to the right and the nose will drop at a sharp angle." However, no action was taken by Piper to remedy the defect or to warn purchasers. In fact, the record reflects that the test pilot was ordered to destroy any records he had pertaining to problems with the aircraft. In addition there is evidence that subsequent to the sale involved herein Piper redesigned the aircraft to remedy the door problem but took no steps to advise prior purchasers of the defect. This presents an evidentiary basis upon which the jury could conclude that Piper knew of the substantial threat of danger posed by the accidental door openings and failed to warn purchasers or to modify the airplane. This failure to act in the face of a known, substantial danger to the lives of the aircraft occupants could constitute a sufficient basis for an award of punitive damages. American Motors Corp., supra.
We also cannot agree with Piper's contention that the jury's finding for Piper on the negligent design count of the complaint is inherently in conflict with the assessment of punitive damages. There may be some cases where the same act that gives rise to compensatory damages also gives rise to punitive damages, such as a battery. However, that does not mean that there may not be other cases, such as that involved herein, where additional facts constitute the basis of the punitive damages claim. The punitive damages claim here was not predicated upon Piper's negligent design of the aircraft. Rather, it appears that the claim for punitive damages was predicated upon the appellees' allegations that after the design of the aircraft was completed, Piper received actual knowledge that the door design was defective and that such defect could result in loss of control of the aircraft during flight. Thereafter, the jury could have found, Piper not only ignored this information and failed to warn purchasers, but also deliberately ordered its test pilot to destroy any records he had as to the defect and his communications to his superiors about the dangerous consequences of ignoring the defect. Hence, the jury could have found that regardless of whether Piper was initially negligent in the manner it designed the aircraft, it did subsequently gain knowledge that the design was defective and sold the aircraft knowing that it constituted a substantial danger and without any warning to purchasers who would be unable to detect the danger until it was too late. See American Motors Corp. and Wangen, supra.
Accordingly, for the reasons set out above we affirm the judgment of the trial court.
HERSEY and WALDEN, JJ., concur.
NOTES
[1] Piper appears to be of the view that a strict liability claim is not predicated upon fault principles. We do not agree.

Strict liability does not make the manufacturer or seller an insurer. Strict liability means negligence as a matter of law or negligence per se, the effect of which is to remove the burden from the user of proving specific acts of negligence.
West v. Caterpillar Tractor Co., 336 So.2d 80, 90 (Fla. 1976).