21874

Michael David SCHALL and Margaret Ann Kowalski Schall, Plaintiffs,
v. STURM, RUGER CO., INC., Defendant.
(300 S. E. (2d) 735)

*Don C. Gibson*, Mount Pleasant, *for plaintiffs*.

*Joseph H. McGee* and *Burnet R. Maybank, III, Buist, Moore, Smythe & McGee*, Charleston, *for defendant*.

*Charles E. Carpenter, Jr.*, of *Richardson, Plowden, Grier & Howser* and *Ernest J. Nauful, Jr.*, of *Nauful & Ellis*, Columbia, *for South Carolina Defense Trial Attys. Ass'n, amicus curiae*.

*Stephen G. Morrison* and *Richard H. Willis of Nelson, Mullins, Grier & Scarborough*, Columbia, *for Volkswagen Aktiengeselleschaft, amicus curiae*.

*H. Fred Kuhn, Jr.*, of *Moss, Bailey, Dore & Jessee*, Beaufort, for *South Carolina Trial Lawyers Ass'n, amicus curiae*.

March 9, 1983.

LEWIS, Chief Justice:

Under the provisions of Rule 46, Rules of Practice of the South Carolina Supreme Court, the following question has

been certified to this Court by the United States District Court for the District of South Carolina: "Does a cause of action in strict liability exist under Section 15-73-10, Code of Laws of South Carolina, 1976, in favor of a party injured after July 9, 1974, by a product that was placed in the stream of commerce prior to codification of Restatement (Second) of Torts Section 402A?" We hold that such a cause of action does not exist.

Strict liability in tort for sellers of products in a defective condition unreasonably dangerous to users, consumers or their property became the law of South Carolina by the enactment of 1974 Act No. 1184 (effective July 9, 1974). This Act adopted almost verbatim the rule enunciated in Restatement 402A and the "Comments" to Section 402A as its legislative intent. Sections 15-73-10 through 15-73-30, Code 1976. This legislative enactment brought about a significant change in the law of our State, for strict liability as defined by Restatement 402A was not recognized by the common law of South Carolina prior to 1974. *Hatfield v. Atlas Enterprises, Inc.*, 274 S. C. 247, 262 S. E. (2d) 900.

A close reading of the "Comments" to Restatement 402A reveals the profound nature of the change wrought by its legislative adoption. Recovery under Section 15-73-10, Code, does not rest upon any rights or duties framed by some *transaction*, as in the case in a suit for breach of warranty, even where privity has been abolished. Compare Comments "g" and "m" to Restatement 402A with Section 36-2-318, Code. See also Georgia Code Ann., Section 51-1-11 (1981), and *Wansor v. George Hantscho Co., Inc.*, 243 Ga. 91, 252 S. E. (2d) 623, and cases cited, wherein the Supreme Court of Georgia has impressed the seal of "strict liability" upon a cause of action appearing to originate in warranty. By the same token, Section 15-73-10(2)(a), Code, renders irrelevant the concept of duty in the traditional setting of tort liability, for recovery may be had even though a seller "has exercised all possible care in the preparation and sale of his product...."

It is fair to say that an entirely new species of action came into being with the adoption of Restatement 402A by our General Assembly. Important policy determinations were made in the course of this enactment. See Comment "c" to

Restatement 402A. Again it is necessary to underscore the deliberate choice of strict liability in a specific version — that of the Restatement. Implicit in this choice is a rejection of hybrid versions combining elements of warranty or negligence.

The foregoing considerations provide a necessary background to the inquiry required in this case. Were strict liability in South Carolina merely an extension of warranty, it would be easy to hold that a sale prior to 1974 must fall outside the scope of Section 15-73-10, Code. Such was the holding of the Georgia Supreme Court in *Wansor v. George Hantscho Co., Inc., supra.* On the other hand, if strict liability is conceived as a traditional cause of action in tort, the moment of injury could logically be the "operative event" giving rise to liability. This was the rationale adopted by the Supreme Court of Maine when it was faced with facts identical to those of this case. *Adams v. Buffalo Forge Co.,* 443 A. (2d) 932; *Goodman v. Magnavox Co.,* 443 A. (2d) 945. A similar approach had earlier enabled the Arkansas Supreme Court to apply strict liability in the same circumstances. *Forrest City Mach. Works, Inc. v. Aderhold,* 273 Ark. 33, 616 S. W. (2d) 720.

We believe, however, that considerations of timing are not helpful in resolving the question now before us.

Certainly time can be relevant when both the sale of a product *and* the injury occur prior to legislative enactment of Restatement 402A. There is no escaping the conclusion that, in such a case, imposition of strict liability would be an impermissible retroactive application of a statute creating a new cause of action. *Hatfield v. Atlas Enterprises, supra.* Beyond this limited setting, however, the search for "operative events" in the realm of strict liability distorts the nature of this unique theory. Neither conduct nor obligation underlie recovery but rather the combinaton of a defective product with an instance of casually related injury. Strict liability would be best analogized to a legal status: inchoate at the moment when the product leaves the seller's hands in a defective condition that is unreasonably dangerous; ripe for determination at the instant of injury; and fixed by action and final judgment.

Thus, the nature of strict liability precludes the use of time as conclusive upon the issue presented. Rather, the question of

when strict liability may begin to arise must be resolved in terms of its policy objectives. Since the original adoption of strict liability was the work of the General Assembly, we deem this policy issue to be likewise a matter of legislative judgment. It is appropriate to note that in two recent instances, legislation proposed at the federal level has been drafted with specific attention to the matter of retroactive or prospective effect. See Department of Commerce "Model Uniform Product Liability Act," Section 122, 44 Fed. Reg. 62714 (October 31, 1979); S. 2631, 97th Cong., 2d Sess. Section 16 (1982).

Act No. 1184 of 1974 provides no guidance as to the date when inchoate strict liability can be deemed to exist.

Finding nothing in this enactment beyond a statement of its "effective date," we must follow the well-settled rule that a statute may not be applied retroactively in the absence of specific provision or clear legislative intent to the contrary. *Fidelity & Casualty Ins. Co. v. Nationwide Ins.,* — S. C. —, 295 S. E. (2d) 783; *Merchants Mutual Insurance Company v. South Carolina Second Injury Fund,* — S. C. —, 291 S. E. (2d) 667; *Boyd v. Boyd,* — S. C. —, 289 S. E. (2d) 153; *Hercules Inc. v. South Carolina Tax Commission,* 274 S. C. 137, 262 S. E. (2d) 45; *Hyder v. Jones,* 271 S. C. 85, 245 S. E. (2d) 123. This same rule compelled our holding in *Hatfield v. Atlas Enterprises Inc., supra,* although other circumstances, as noted above, had equal bearing upon the result.

Absent clear legislative direction, and deferring policy determinations to the General Assembly, we find that a cause of action resting upon strict liability under Section 15-73-10, Code, does not exist in South Carolina where a product entering the stream of commerce prior to July 9, 1974, is alleged to have caused injury thereafter.

LITTLEJOHN, GREGORY and HARWELL, J.J., and JOSEPH R. MOSS, Acting Associate Justice, concur.