23086

Clarence BARNWELL, Plaintiff v.
BARBER-COLMAN COMPANY, Defendant.
(393 S.E. (2d) 162)

Supreme Court

*Stephen G. Morrison, L. Sidney Connor, IV,* and *I.S. Leevy Johnson,* Columbia, *for plaintiff.*

*Joseph H. McGee* and *David B. McCormack,* Charleston, *for defendant.*

*Timothy W. Bouch,* of *Young, Clement, Rivers & Tisdale,* of Charleston, and *Moffat G. McDonald, Haynesworth, Marion, McKay & Guerard,* Greenville, *for amicus curiae S.C. Defense Trial Lawyers Ass'n.*

*Richard A. Harpootlian,* Columbia, *for amicus curiae S.C. Trial Lawyers Ass'n.*

*Costa M. Pleicones,* of *Lewis, Babcock, Pleicones & Hawkins,* of Columbia, *for amicus curiae Alliance of American Insurers.*

Heard Dec. 7, 1987.

Decided Oct. 9, 1989.

*Per Curiam:*

This Court has accepted on certification from the United States District Court for the District of South Carolina the following question of law:

Under South Carolina law, are punitive damages recoverable in a cause of action based solely on the theory of strict liability?

We hold that punitive damages are not recoverable in a cause of action based *solely* upon the theory of strict liability.

## FACTS

Clarence Barnwell sued Barber-Colman Company for injuries sustained when his hand was badly mangled in a piece of textile machinery manufactured by Barber-Colman. Although his complaint stated various causes of action, Barnwell elected to proceed to trial solely under the theory of strict liability, alleging that the machinery was equipped with a defectively designed guard. The jury returned a verdict for Barnwell in the amount of $1 million actual damages and $2.8 million punitive damages.

## DISCUSSION

Strict liability in tort was not recognized in South Carolina prior to enactment of 1974 Act No. 1184.[1] *Schall v. Sturm, Ruger Co.*, 278 S.C. 646, 300 S.E. (2d) 735 (1983); *Hatfield v. Atlas Enterprises, Inc.*, 274 S.C. 247, 262 S.E. (2d) 900 (1980). The Act incorporated almost verbatim the definition of strict liability from § 402A of the Restatement (Second) of Torts. Adoption of this theory, based upon a no-negligence concept of liability, effected a profound change in the law of this State. *See Schall, supra.*

Where a cause of action is created by statute, the statute determines what damages may be recovered. *Garrick v. Florida Cent. & Peninsular R.R.*, 53 S.C. 448, 31 S.E. 334 (1898);[2] *see also Patterson v. I.H. Services, Inc.*, 295 S.C. 300, 368 S.E. (2d) 215 (Ct. App. 1988). Here, the Act does not specify that punitive damages are recoverable.

---

[1] 1974 S.C. acts 2782 [codified as S.C. Code Ann. §§ 15-73-10 to -30 (1976)].

[2] The question in *Garrick* was whether *punitive* damages were recoverable under the original Wrongful Death Act. The statute provided for the recovery of damages, but was silent as to punitive damages. This Court held that, absent specific provision for such damages, the plaintiff was limited to *actual* damages. Subsequent to the holding in *Garrick,* the General Assembly amended the Act to specifically allow recovery of *punitive* damages. *See* Act No. 579, 1902 S.C. Acts 1071 [now codified as S.C. Code Ann. § 15-51-40 (1976)].

Rather, it provides that the seller of a defective product "is subject to liability for *physical harm* caused. . . ." S.C. Code Ann. § 15-73-10(1) (1976) (emphasis supplied). The question, then, is what damages appertain to *physical harm?*

While actual damages are awarded "in satisfaction of, or in recompense for, loss or injury sustained,"[3] punitive damages are not assessed to compensate the plaintiff for *physical harm* suffered. Their purpose is to punish the wrongdoer and to deter him and others from engaging in similar misconduct. *See* cases collected at 8 West's S.C. Digest, *Damages*, Key No. 87.

We conclude that punitive damages are not recoverable under the Act. Recovery is limited to actual damages, which compensate "for *physical harm* caused." *See Laird v. Nationwide Ins. Co.*, 243 S.C. 388, 134 S.E. (2d) 206 (1964) (damages for "bodily injury" do not include punitive damages).

Citing numerous decisions from other jurisdictions which permit recovery of punitive damages in strict liability, the dissent concludes that our decision places South Carolina in a minority. The conclusion is misleading, in that this Court is compelled to interpret the laws of the General Assembly in their plain meaning, whether or not the result places South Carolina in the minority among jurisdictions. Our State is one of a small number which initially adopted strict liability, *not by judicial decision,* but through legislative enactment. *See* 2 American Law of Products Liability (3d) §§ 16.8-16.27 (1987 & Supp. 1989); Bieman, *Strict Products Liability: An Overview of State Law,* 10 J. Prod. Liab. 111 (1987); *see also* 63 Am. Jur. (2d) § 537 (1984). Accordingly, the cases relied upon by the dissent are irrelevant and inapplicable. Indeed, *none* of the cases cited allows recovery of punitive damages based *solely* upon the theory of strict liability under a statute comparable to § 15-73-10.

Where the legislature has, by statute, acted upon a subject, the judiciary is limited to interpretation and construction of that statute. The principle was well stated by this Court in *Creech v. South Carolina Pub. Serv. Auth.*, 200 S.C. 127, 146, 20 S.E. (2d) 645, 652 (1942):

---

[3] *Bowers v. Charleston & W.C. Ry.*, 210 S.C. 367, 378, 42 S.E. (2d) 705, 709 (1947).

It is perhaps unnecessary to say that Courts have no legislative powers, and in the interpretation and construction of statutes their sole function is to determine, and within the constitutional limits of the legislative power to give effect to, the intention of the Legislature. They cannot read into a statute something that is not within the manifest intention of the Legislature as gathered from the statute itself. To depart from the meaning expressed by the words is to alter the statute, to legislate and not to interpret. The responsibility for the justice or wisdom of legislation rests with the Legislature, and it is the province of the Courts to construe, not to make, the laws.

If the Act is to be amended so as to provide for the recovery of punitive damages, this must be accomplished by the legislature, not the courts.[4]

## CONCLUSION

Recovery of punitive damages is not allowed under a cause of action based solely upon the South Carolina strict liability statute.

Certified question answered.

NESS, C.J., not participating.

FINNEY, J., dissenting in separate opinion.

FINNEY, Justice, dissenting:

I respectfully dissent. In my opinion, South Carolina law permits recovery of punitive damages in actions based solely on the theory of strict liability in cases where the plaintiff has pled and proven that the defendant was aware of or culpably indifferent to an unreasonably high risk of injury to the plaintiff and failed to take steps to reduce such endangerment to a more acceptable level.

The record before this Court is incomplete; therefore, we are unable to determine with any degree of certainty the nature and degree of plaintiff's proof. Accepting the

---

[4] The dissent further contends that punitive damages are compatible with the strict liability in tort theory. We decline to address this contention, having determined that the Act does not provide for recovery of such damages.

assertions contained in petitioner's brief, there was sufficient evidence to submit the question of punitive damages to the jury.

"The basis of liability [under strict liability] is purely one of tort." *Restatement* (Second) of Torts § 402A Comment (m). In enacting S.C. Code Ann. § 15-73-10(1) (1976), the South Carolina legislature created a new tort cause of action—strict liability. "It is of course elementary in this jurisdiction that punitive damages are allowable in tort actions, not only as a punishment for wrong, but as a vindication of private rights when it is proved that such have been wantonly, willfully or maliciously violated." *Harris v. Burnside,* 261 S.C. 190, 199 S.E. (2d) 65 (1973). This state has recognized recovery of punitive damages in numerous types of tort actions. *See, e.g., Dunsil v. E.M. Jones Chevrolet Co., Inc.,* 268 S.C. 291, 233 S.E. (2d) 101 (1977) [fraud and deceit]; *Harris v. Burnside, supra* [negligent bailment]; *Gilbert v. Duke Power Co.,* 255 S.C. 495, 179 S.E. (2d) 720 (1971) [wrongful termination of electrical service]; *Fennell v. Littlejohn,* 240 S.C. 189, 125 S.E. (2d) 408 (1962) [criminal conversation]; *Rogers v. Florence Printing Co.,* 233 S.C. 567, 106 S.E. (2d) 258 (1958) [defamation]; *Jeffers v. Hardeman,* 231 S.C. 578, 99 S.E. (2d) 402 (1957) [cause of action sounding in negligence]; *Davenport v. Woodside Cotton Mills Co.,* 225 S.C. 52, 80 S.E. (2d) 740 (1954) [trespass]; *Rhode v. Ray Waits Motors, Inc.,* 223 S.C. 160, 74 S.E. (2d) 823 (1953) [conversion; claim and delivery]; *Rowe v. Moses,* 43 S.C.L. (9 Rich.) 423 (1856) [assault and battery].

The majority rationalizes that S.C. Code Ann. § 15-73-10(1) (1976) provides for only compensatory damages since strict liability was adopted by statute and not as part of the common law.[1] In my view, the General Assembly, in adopting

---

[1] The majority decision places South Carolina with a minority of jurisdictions which have concluded that punitive damages are incompatible with strict liability. *See Gold v. Johns-Manville Sales Corp.,* 553 F. Supp. 482 (D.N.J. 1982); *Butcher v. Robertshaw Controls Co.,* 550 F. Supp. 692 (D. Md. 1981).

The majority of jurisdictions which have addressed the issue have allowed punitive damages in strict liability cases. These jurisdictions include: Alaska—*Sturm, Ruger and Co., Inc., v. Day,* 594 P. (2d) 38 (Alaska 1979), *modified,* 615 P. (2d) 621 (1980), *on reh'g,* 627 P. (2d) 204, *cert. denied,* 454 U.S. 894, 102 S. Ct. 391, 70 L. Ed. (2d) 209 (1981); Arizona—*Ferguson v.*

§ 15-73-10, did not specify limits on the type of damages recoverable, they simply codified the *Restatement* (Second) of Torts § 402A. Other jurisdictions have interpreted the *Restatement* (Second) of Torts § 402A and found that strict liability and punitive damages are compatible. *See Neal v. Carey Canadian Mines, Ltd.*, 548 F. Supp. 357 (E. D. Pa. 1982), *aff'd*, 760 F. (2d) 481 (3rd Cir. 1985). "By dispensing with the need to prove fault for purposes of establishing liability under Section 402A, the law of strict liability does not preclude consideration of 'aggravated fault,' [for punitive damages] if the plaintiffs can properly meet their burden demonstrating sufficient evidence of defendant's outrageous conduct," 548 F. Supp. at 378. In fact, punitive damages complement strict liability. One court has defined punitive damages as a "sword" to be used with the "shield" of compensation provided by strict liability. *Thiry v. Armstrong World Indus.*, 661 P. (2d) 515, 517 (Okla. 1983).

*Cessna Aircraft Co.*, 132 Ariz. 47, 643 P. (2d) 1017 (Ct. App. 1981); Arkansas—*Forrest City Mach. Works, Inc., v. Aderhold*, 273 Ark. 33, 616 S.W. (2d) 720 (1981); California—*Grimshaw v. Ford Motor Co.*, 119 Cal. App. (3d) 757, 174 Cal. Rptr. 348 (1981); Colorado—*Palmer v. A.H. Robins Co., Inc.*, 684 P. (2d) 187 (Colo. 1984); Connecticut—*Ames v. Sears, Roebuck and Co., Inc.*, 8 Conn. App. 642, 514 A. (2d) 352 (1986) *cert. denied*, 201 Conn. 809, 515 A. (2d) 378 (1986); Florida—*Piper Aircraft Corp. v. Coulter*, 426 So. (2d) 1108 (Fla. App. 4 Dist. 1983); Hawaii—*Beerman v. Toro Mfg. Corp.*, 1 Haw. App. 111, 615 P. (2d) 749 (1980); and *Vollert v. Summa Corp.*, 389 F. Supp. 1348 (D. Hawaii 1975); Illinois—*Froud v. Celotex Corp.*, 107 Ill. App. (3d) 654, 63 Ill. Dec. 261, 437 N.E. (2d) 910 (1 Dist. 1982), *rev'd. on other grounds*, 98 Ill. (2d) 324, 74 Ill. Dec. 629, 456 N.E. (2d) 131 (1983); Indiana—*Gorman v. Saf-T-Mate, Inc.*, 513 F. Supp. 1028 (N.D. Ind. 1981); Iowa—*Skyline Harvestore Systems, Inc., v. Centennial Ins. Co.*, 331 N.W. (2d) 106 (Iowa 1983); Kansas—*Tetuan v. A.H. Robins Co.*, 241 Kan. 441, 738 P. (2d) 1210 (1987); Minnesota—*Gryc v. Dayton-Hudson Corp.*, 297 N.W. (2d) 727 (Minn. 1980), *cert. denied*, *Riegel Textile Corp. v. Gryc*, 449 U.S. 921, 101 S. Ct. 320, 66 L. Ed. (2d) 149 (1980); Missouri—*Rinker v. Ford Motor Co.*, 567 S.W. (2d) 655 (Mo. App. 1978); New Jersey—*Fischer v. Johns-Manville Corp.*, 103 N.J. 643, 512 A. (2d) 466 (1986); New York—*Baleno by Baleno v. Jacuzzi Research, Inc.*, 93 A.D. (2d) 982, 461 N.Y.S. (2d) 659 (1983); Ohio—*Leichtamer v. American Motors Corp.*, 67 Ohio St. (2d) 456, 424 N.E. (2d) 568 (1981); Oklahoma—*Thiry v. Armstrong World Industries*, 661 P. (2d) 515 (Okl. Sup. Ct. 1983); Oregon—*State ex. rel. Young v. Crookham*, 290 Or. 61, 618 P. (2d) 1268 (1980); Pennsylvania—*Neal v. Carey Canadian Mines, Ltd.*, 548 F. Supp. 357 (E.D. Pa. 1982) and *Hoffman v. Sterling Drug, Inc.*, 485 F. (2d) 132 (3d) Cir. 1973); Tennessee—*Johnson v. Husky Industries, Inc.*, 536 F. (2d) 645 (6th Cir. 1976); Texas—*Rawlings Sporting Goods Co., Inc. v. Daniels*, 619 S.W. (2d) 435 (Tex. Civ. App. 1981); Wisconsin—*Wangen v. Ford Motor Co.*, 97 Wis. (2d) 260, 294 N.W. (2d) 437 (Sup. Ct. 1980).

The majority also relies on *Garrick v. Florida Cent. & Peninsular R.R.*, 53 S.C. 448, 31 S.E. 334 (1898); and *Patterson v. I.H. Services*, 295 S.C. 300, 368 S.E. (2d) 215 (Ct. App. 1988). In *Garrick* the court held that punitive damages were not recoverable under the original Wrongful Death Act. *Garrick* is distinguishable from the instant case since the common law of punitive damages in 1898 was not nearly as extensive or as clearly delineated as it is today. The public policy is toward awarding punitive damages in nearly every type of tort action. *See Campus Sweater & Sportswear Co. v. M.B. Kahn Const. Co.*, 515 F. Supp. 64 (D.S.C. 1979), aff'd, 644 F. (2d) 877 (4th Cir. 1981).[2] Additionally, the *Garrick* court relied heavily on the statute's title, which was "An Act to provide for *Compensation* in damages to the families of persons killed by the fault of others." 53 S.C. at 454, 31 S.E. 334 (emphasis added). In § 15-73-10 the General Assembly did not use the word "compensation" nor did it mention a specific type of damages.

In addition, the majority relies on *Patterson*, which is equally distinguishable. In *Patterson*, the plaintiff sought punitive damages under S.C. Code Ann. § 41-1-70 (1976). The Court of Appeals held that punitive damages were not recoverable. Section 41-1-70 relied on in *Patterson*, unlike § 15-73-10 in *Barber-Colman*, specifically limits the amount of damages recoverable "to no more than one year's salary or [52] weeks of wages based on a [40-hour] week in the amount the employee was receiving at the time of receipt of the subpoena." Thus, the majority's reliance on *Patterson* is misplaced.

The majority contends that the legislature, by providing that the seller of a defective product "is subject to *liability for physical harm caused*" . . . (emphasis added), intended to preclude an award of punitive damages in strict liability cases. In my view, the legislature intended "liability" to be given a broad reading rather than the restrictive reading imposed by the majority. Under general principles of tort law, when a tortfeasor causes "physical harm" to another he is "liable" for compensatory damages because of actual injuries inflicted. A tortfeasor is also "liable" to incur

---

[2] See cases cited on page 163.

punishment in the form of punitive damages where a plaintiff has pled and proven the tortfeasor's punishable culpability for causing such "physical harm." The intent of the General Assembly in adopting § 15-73-10 was to permit the statute to operate under existing South Carolina common law. Our law favors punitive damage awards in tort; thus, it is reasonable that punitive damages would extend to strict liability. Where there is nothing in the act which shows intent on the part of the legislature to change the common law, the court may not extend the application of the statute to achieve that intent. *Davenport v. Summer*, 273 S.C. 771, 259 S.E. (2d) 815 (1979).

In my opinion, punitive damages are compatible with strict liability but should not be awarded in every strict liability case. Punitive damages are appropriate when a plaintiff is able to plead and prove the defendant knew that the product was defective or unsafe and that injuries or deaths had resulted from the defect, but continued to market the product without modification in reckless or willful disregard of the public's safety. *See, e.g., Gillham v. The Admiral Corporation*, 523 F. (2d) 102 (6th Cir. 1975, *cert. denied*, 424 U.S. 913, 96 S. Ct. 1113, 47 L. Ed. (2d) 318 (1976). The common thread among cases from all jurisdictions which have allowed punitive damages in products liability cases is that liability for punitive damages depends almost exclusively on the degree of the defendant's prior knowledge of the specific defect complained of by the plaintiff.

Punitive damages are designed not only to punish the wrongdoer, but also to deter him and others like him from similar wrongdoing in the future. *Restatement* (Second) of Torts § 908(1) (1973.) As a matter of public policy, punitive damages can serve several useful functions in the strict liability area. For example, the threat of punitive damages serves a deterrence function in cases in which a product may cause minor injuries for which consumers might decline to sue, or in cases where it would be less costly for the manufacturer to pay only compensatory damages for claims than it would be to remedy the product's defect. Strict liability was never intended to be a shield for manufacturers to limit recovery to compensatory damages and should not be used as such here.

Additional support for allowing punitive damages in strict

products liability actions may be found in the availability of alternative theories of liability in products cases. It could not be successfully argued that a plaintiff would be barred from seeking punitive damages under the theories of negligence or intentional tort. Hence, to allow punitive damages in products cases based on these theories, but preclude them under strict liability would create an unnecessary and unwelcome anomaly in our law.

I would answer the inquiry by saying that the recovery of punitive damages under a cause of action based solely on South Carolina strict liability law is permitted when plaintiff succeeds in pleading and proving that the defendant knew the product was defective and continued to market the product in reckless disregard of the public's safety.